UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer Miller, | ) | CASE NO: 5:20CV1743 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Michael J. Anderson, et al., | ) | |
| | ) | (Resolving Docs. 17, 30, and 36) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the Institutional Investors' motion to intervene and transfer this matter to the Southern District of Ohio.  Doc. 17.[1]  Defendants have opposed the motion (Doc. 20), and the Institutional Investors have replied.  Doc. 28.  The Court now resolves the parties' arguments.

I.  **Institutional Investors' Motion to Intervene and Transfer**

Employees Retirement System of the City of St. Louis and Electrical Workers Pension Fund, Local 103, I.B.E.W. (collectively, the "Institutional Investors") seek to intervene and have this matter transferred the Southern District of Ohio.  The Court now reviews their arguments.

Federal Rule of Civil Procedure 24 allows for two types of intervention: intervention of right and permissive intervention.  Subsection (a)(2) of the rule provides that a non-party may intervene as "of right" when, "[o]n timely motion," the movant

---

[1] The Massachusetts Laborer Pension Fund has sought to join in the motion.  Docs. 30 and 36.  The motions for joinder are GRANTED.

"claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). In other words, Rule 24 allows an absentee party to petition for intervention when it "stands to have its interests harmed." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 670 n.13 (6th Cir. 2004). Rule 24 "should be 'broadly construed in favor of potential intervenors.'" *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir.2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir.1991)).

> [The Institutional Investors] must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Granholm*, 501 F.3d at 779 (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). Each of the factors must be shown, as the absence of even one will compel the Court to deny the motion. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

With respect to intervention, the Court finds that all four factors have been satisfied. Defendants do not dispute that the motion to intervene was timely and that the Institutional Investors have a substantial legal interest in the subject matter of this suit. Further, given the minimal burden to satisfy inadequate representation, the Court finds that the differing legal approaches that may be brought by the Institutional Investors are sufficient to warrant intervention. Accordingly, the motion to intervene is GRANTED.

The Court, however, does not find that transfer in this matter is warranted. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). In ruling on this type of motion, the Court must consider six factors: "the convenience of the parties and witnesses," the accessibility of evidence, "the availability of process" to make reluctant witnesses testify, "the costs of obtaining willing witnesses," "the practical problems of trying the case most expeditiously and inexpensively" and "the interests of justice." *Reese*, 574 F.3d at 320 (citations omitted).

> A colleague on this Court has explained the analysis as follows:
>
> District courts vary in their enumeration of the specific factors to consider when ruling on a motion to transfer pursuant to § 1404(a), but such factors can include: (1) the plaintiff's choice of forum, (2) the residence of the parties, (3) the nature of the suit, (4) the place where events took place, (5) the possibility of inspecting the premises, (6) the ease of access to sources of proof, (7) the location of material witnesses, (8) the availability of compulsory processes for the attendance of those witnesses, (9) other problems that may contribute to litigation expenses, (10) the local interest in deciding the controversy locally, (11) the burden of jury duty on the community, and (12) the congestion of court dockets. From this variation, it is clear that there is no definitive list of private and public factors in the 1404(a) calculus. Courts need not discuss every factor that may influence the balance of conveniences and the interest of justice, but rather should focus their analysis on those factors that are particularly relevant to a given transfer determination.

*Schindewolf v. Seymour Constr., Inc.*, 2010 WL 2290803, at *7 (N.D.Ohio June 3, 2010) (citations, quotations, and alterations omitted).

3

The Institutional Investors contend that the focal point of this litigation is in the Southern District of Ohio.  In so doing, they rely heavily upon the allegations in the related criminal proceedings.  However, in so arguing, the Institutional Investors ignore that FirstEnergy itself is headquartered in the Northern District of Ohio.  While impacts of certain alleged acts may have been felt in the Southern District, it is undoubtably equally true that those alleged acts emanated from the Northern District of Ohio.  As such, the Court finds that such a factor weighs neither in favor nor against transfer.

Similarly, many of the factors detailed above – ease of access to proof, local interest in deciding the matter locally, congestion of the Court docket, the burden on jury duty, the residence of the parties, and the location of witnesses – do not weigh in favor of or against transfer.  Furthermore, while the Plaintiff does not oppose transfer, the Court must still acknowledge that the Northern District of Ohio was Plaintiff's chosen forum.

A vast majority of the Institutional Investors' argument focuses upon the many, varying civil and criminal cases that are now pending in the Southern District.  These include the criminal matter, two securities fraud cases, and numerous other, later-filed derivative actions.  While having matters pending in another District may in some circumstances support transfer, the Court does not believe it does so under the circumstances presented here.  This Court has the first-in-time derivate action.  In fact, in analyzing FirstEnergy's motion to stay, the Southern District acknowledged that the core elements of the first-to-file rule were satisfied.  However, the Court there declined to exercise its discretion to stay proceedings based upon the number of other proceedings in the Southern District.

4

This Court finds no merit in essentially counting the number of pending matters in a District to determine whether transfer should be effectuated.  Instead, the Court finds no basis to avoid the straightforward application of the first-to-file rule.  Having the first-filed derivative action, the undersigned intends to litigate this case to its conclusion.  Accordingly, the motion to transfer is DENIED.

While it is not ideal that matters will apparently remain pending and active in both Districts, the Court is hopeful that permitting intervention in this matter will ensure that the arguments presented in both Districts will be united, thereby reducing any possibility of conflicting decisions.

A telephonic status conference for lead counsel for all parties, including intervenors, is hereby scheduled for 11:00 a.m. on May 20, 2021.  Counsel for Plaintiff shall provide the Court with a call-in number to utilize for the conference by no later than noon on May 19, 2021.

IT IS SO ORDERED.

May 13, 2021          /s/ Judge John R. Adams
Date                              JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT COURT