IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER L. MILLER, | ) | CASE NO. 5:20-cv-01743-JRA |
| Plaintiffs, | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| MICHAEL J. ANDERSON, et al., | ) | **MICHAEL J. DOWLING'S RULE 26 INITIAL DISCLOSURES** |
| Defendants. | ) | |
| and | ) | |
| FIRSTENERGY CORP., | ) | |
| Nominal Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's Case Management Conference Scheduling Order (Doc. # 118), Defendant Michael J. Dowling ("Dowling"), by and through undersigned counsel, hereby submits his initial disclosures as follows:

### PRELIMINARY STATEMENT

Dowling makes his initial disclosures of witnesses and documents based on the information currently and reasonably available to him, without having the benefit of formal discovery which may not be conducted prior to the Case Management Conference per the Scheduling Order (Doc. # 118). Accordingly, the initial disclosures stated below are made without full knowledge of the facts, circumstances, and legal theories involved in this case and are made in a good faith effort to comply with Fed. R. Civ. P. 26(a)(1).

These disclosures do not include information that may be used solely for impeachment or rebuttal purposes. In making these disclosures, Dowling does not represent that he has identified

every individual, document or tangible thing upon which he may rely to support its defenses. Further discovery, investigation, legal research and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial changes, additions to, and variation from these disclosures. Therefore, Dowling reserves his right to amend these disclosures in accordance with subsequent developments and makes these disclosures without prejudice to his right to produce facts, witnesses, documents and other evidence that were omitted by oversight, inadvertence, good faith error or mistake.

In making his initial disclosures, Dowling does not waive any attorney-client privilege or the attorney-work product doctrine, or any other applicable privilege, doctrine, or immunity. Moreover, Dowling reserves and asserts objections to testimony and production of documents and tangible things that are protected from discovery by the following privileges: trial preparation materials, attorney-work product, consulting expert materials, attorney-client communications and information that are confidential, proprietary and trade secret. Dowling also reserves and asserts objections to the disclosure of any information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Dowling further notes that the information set forth in these disclosures may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible evidence. Dowling therefore reserves all objections relating to the admissibility of evidence. In making these initial disclosures, Dowling does not waive any objections based on relevance, materiality, competence, privilege, immunity from disclosures, or any other grounds. This preliminary statement shall apply to each and every disclosure given herein and is incorporated by reference as though fully set forth in each disclosure.

I.      **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (Fed. R. Civ. P. 26(a)(1)(i))**

Based on the information reasonably available to Dowling at this time, the following individuals may have discoverable information relevant to the disputed facts alleged.

1.      Plaintiffs and Intervenors: regarding subject matter in Complaint as purported shareholders of FirstEnergy.

2.      All named defendants in the Complaint, including FirstEnergy Board of Directors and Officers: regarding subject matter in Complaint.

3.      Any individuals and entities identified in the Complaint: regarding subject matter in Complaint.

4.      Any individuals and entities identified by other parties in initial disclosures or in documents produced by other parties in initial disclosures or other discovery responses: regarding subject matter in Complaint.

It is not reasonably possible for Dowling to identify with specificity at this time every individual likely to have "discoverable information" that Dowling may use to support his defenses. Since formal discovery in this case has not yet started, Dowling does not know the full nature and extent of Plaintiff's claims against him, other than what is alleged in the Complaint. By providing the information above in good faith, Dowling does not represent that the list identifies all individuals who may have discoverable information. Dowling expressly reserves the right to supplement these disclosures upon receipt and review of the documents provided by the parties in response to any future discovery request by any party.

II.     **DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS (Fed. R. Civ. P. 26(a)(1)(ii))**

Dowling's investigation into the facts and circumstances of Plaintiffs' claims and his defenses in this matter is ongoing. However, FirstEnergy has in its possession company documents, e-mails, correspondence, and other data pertinent to the subject matter of the

Complaint, including documents that pertain to Dowling's work while employed at FirstEnergy as Senior Vice President of External Affairs, which may be used to support his defenses. At this stage in the litigation, Dowling cannot conclusively determine what (if any) additional documents, data compilations, and tangible things are in his possession, custody, or control that he may use to support his defense.

Dowling reserves his right to supplement this response to include any other documents or categories of documents or data identified during investigation or during the course of discovery that contain information that he may use to support his defenses in this action.

**III.** **DAMAGES CLAIMED** **(Fed. R. Civ. P. 26(a)(1)(iii))**

Dowling does not claim damages at this time.

**IV.** **INSURANCE AGREEMENT** **(Fed. R. Civ. P. 26(a)(1)(iv))**

FirstEnergy holds D&O insurance policies.

Dated:  October 25, 2021                                                Respectfully submitted,


*/s/ John A. Favret*_____
John F. McCaffrey (0039486)
John A. Favret (0080427)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Tel:      216.592.5000
Fax:      216.592.5009
E-mail: *john.mccaffrey@tuckerellis.com*
             *john.favret@tuckerellis.com*

*Attorneys for Defendant Michael J. Dowling*

4

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was served by e-mail upon all counsel of record on this day October 25, 2021, as follows:

*/s/ John A. Favret*
*One of the Attorneys for Defendant Michael J. Dowling*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on October 28, 2021.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ John A. Favret*
John A. Favret (0080427)
*One of the Attorneys for Defendant Michael J. Dowling*