# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JENNIFER MILLER, | |
| Plaintiff, | Case No. 5:20-cv-1743 |
| v. | JUDGE JOHN ADAMS |
| MICHAEL J. ANDERSON, et al., | |
| Defendants, | |
| and | |
| FIRSTENERGY CORP., | |
| Nominal Defendant. | |

## CHARLES E. JONES'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Charles Jones, by and through undersigned counsel, hereby submits his initial disclosures as follows:

## PRELIMINARY STATEMENT

This case is in the preliminary phases. Discovery has just begun. Therefore, the initial disclosures stated below are made without full knowledge of the facts, circumstances, and legal theories involved in this case and are made in a good faith effort to comply with Federal Rule of Civil Procedure 26(a)(1). These disclosures do not include information that may be used solely for impeachment or rebuttal purposes. In making these disclosures, Mr. Jones does not represent that he has identified every individual, document, or tangible thing upon which he may rely to support his defenses. Further discovery, investigation, legal research, and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal

contentions, all of which may lead to substantial changes, additions to, and variation from these disclosures. Accordingly, Mr. Jones reserves his right to amend these disclosures in accordance with subsequent developments and makes these disclosures without prejudice to his right to produce facts, witnesses, documents, and other evidence that were omitted by oversight, inadvertence, good faith error, or mistake.

In making his initial disclosures, Mr. Jones does not waive any attorney-client privilege or the attorney work product doctrine, or any other applicable privilege, doctrine, or immunity. Moreover, Mr. Jones reserves and asserts objections to testimony and production of documents and tangible things that are protected from discovery by the following privileges: trial preparation materials, attorney work product, consulting expert materials, attorney-client communications, and information that is confidential, proprietary, and trade secret. Mr. Jones also reserves and asserts objections to the disclosure of any information that is not relevant to the claims and defenses in this case.

Mr. Jones further notes that the information set forth in these disclosures may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible evidence. Mr. Jones therefore reserves all objections relating to the admissibility of evidence.

These initial disclosures are based upon information reasonably available to Mr. Jones at this time. Thus, Mr. Jones reserves the right to make supplemental and subsequent disclosures as information becomes available in the course of discovery. In making these initial disclosures, Mr. Jones does not waive any objections based upon relevance, materiality, competence, privilege, immunity from disclosure, or any other grounds. This preliminary statement shall apply to each and every disclosure given herein and is incorporated by reference as though fully set forth in each disclosure.

I.   **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (Fed. R. Civ. P. 26(a)(1)(A)(i))**

Based on the information reasonably available to Mr. Jones at this time, the following individuals may have discoverable information that Mr. Jones may use to support his defenses.

1. Plaintiffs, including Jennifer Miller, Employees Retirement System of the City of St. Louis, Electrical Workers Pension Fund, Local 103, I.B.E.W., and Massachusetts Laborer Pension Fund: regarding subject matter in the Verified Shareholder Derivative Complaint, and as persons/entities that purport to be stockholders in FirstEnergy Corp. ("FirstEnergy").

2. All named defendants in the Verified Shareholder Derivative Complaint, including FirstEnergy, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Leslie M. Turner, Steven E. Strah, K. Jon Taylor, Michael Dowling, Robert Reffner, Ebony Yeboah-Amankwah, James E. Pearson, and Dennis M. Chack: regarding subject matter in the Verified Shareholder Derivative Complaint.

3. All individuals and entities identified in the Verified Shareholder Derivative Complaint: regarding subject matter in the Verified Shareholder Derivative Complaint.

4. All individuals and entities identified by other parties in initial disclosures or in documents produced by other parties in initial disclosures or other discovery responses: regarding subject matter of the Verified Shareholder Derivative Complaint.

It is not reasonably possible for Mr. Jones to identify with specificity at this time every individual likely to have "discoverable information" that Mr. Jones may use to support his defenses. Because discovery in this case has just started, Mr. Jones does not know the full nature and extent of Plaintiffs' claims against him, other than what is alleged in the Verified Shareholder

Derivative Complaint. By providing the information above in good faith, Mr. Jones does not represent that the list identifies all individuals who may have discoverable information. Mr. Jones expressly reserves the right to supplement these disclosures upon receipt and review of the documents provided by the parties in response to any future discovery request by any party.

## II. DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS (Fed. R. Civ. P. 26(a)(1)(A)(ii))

Mr. Jones believes that FirstEnergy has in its possession documents, e-mails, correspondence, and other data pertinent to the subject matter of the Verified Shareholder Derivative Complaint that may be used by Mr. Jones to support his defenses. Further, Plaintiffs' Verified Shareholder Derivative Complaint also identifies various other documents, which may be used by Mr. Jones to support his defenses. At this initial stage of the litigation, Mr. Jones cannot conclusively determine what, if any, additional documents, data compilations, and tangible things are in his possession, custody, or control that he may use to support his defenses.

Mr. Jones reserves his right to supplement this response to include any other documents or categories of documents or data identified during investigation or during the course of discovery that contain information that he may use to support his defenses in this action.

## III. DAMAGES CLAIMED (Fed. R. Civ. P. 26(a)(1)(A)(iii))

At this time, Mr. Jones has not asserted an affirmative claim for damages.

## IV. INSURANCE AGREEMENT (Fed. R. Civ. P. 26(a)(1)(A)(iv))

FirstEnergy holds Director and Officer insurance policies.

Dated: October 25, 2021                  Respectfully submitted,

                                       */s/ Douglas L. Shively*
Daniel R. Warren (0054595)
Carole S. Rendon (0070345)
Douglas L. Shively (0094065)
Jeremy S. Dunnaback (0098129)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
E-mail: crendon@bakerlaw.com
E-mail: dwarren@bakerlaw.com
E-mail: dshively@bakerlaw.com
Email: jdunnaback@bakerlaw.com

F. Joseph Warin (*pro hac vice*)
William S. Scherman (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Christopher W.H. Sullivan (0084133)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
E-mail: fwarin@gibsondunn.com
E-mail: wscherman@gibsondunn.com
E-mail: jmendro@gibsondunn.com
E-mail: csullivan@gibsondunn.com

*Attorneys for Defendant Charles E. Jones*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Charles E. Jones's Initial Disclosures** was served on counsel of record for the parties by email transmission, this 25th day of October 2021.

/s/ Douglas L. Shively

2

**CERTIFICATE OF SERVICE**

    The undesigned hereby certifies that on this 29th day of October 2021, a copy of the foregoing Charles E. Jones's Initial Disclosures was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties listed on the electronic filing receipt.

                                                            */s/ Douglas L. Shively*
                                                            Douglas L. Shively (0094065)