Nos. 21-3854/4037

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 16, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JENNIFER L. MILLER, Derivatively on behalf of FirstEnergy Corporation (21-3854), | ) ) ) |
| Plaintiff-Appellee, | ) ) |
| LOCAL 103, ELECTRICAL WORKERS PENSION FUND, I.B.E.W., et al., | ) ) ) ) |
| Plaintiff Intervenors-Appellees, | ) ) |
| v. | ) ) |
| MICHAEL J. ANDERSON, et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| FIRSTENERGY CORPORATION, Nominal Defendant, | ) ) ) |
| Defendant-Appellant. | ) ) |
| In re: FIRSTENERGY CORP. (21-4037), | ) ) |
| Petitioner. | ) ) |

O R D E R

Before: SILER, CLAY, and McKEAGUE, Circuit Judges.

The Special Litigation Committee ("SLC") of nominal Defendant FirstEnergy Corporation ("FirstEnergy") appeals the district court's September 16, 2021 order denying the SLC's motion

to stay proceedings for six months to allow it to assess potential claims in this shareholder derivative action. *Miller v. Anderson*, No. 5:20CV1743, 2021 WL 4220780 (N.D. Ohio Sept. 16, 2021). Plaintiff Intervenors, institutional shareholders of FirstEnergy, move to dismiss the appeal for lack of jurisdiction as taken from a non-appealable interlocutory order. The SLC petitions, in the alternative, for a writ of mandamus directing the district court to issue a six-month stay of proceedings. In its motions "to expedite, consolidate, and stay," filed in both the appeal and the mandamus action, the SLC also moves for expedited consideration, to consolidate these and other related appeals, and to stay the district court's proceedings pending appeal.

Generally, we have jurisdiction over only final orders that terminate all of the issues presented in the litigation on the merits and leave nothing for the court to do except execute or enforce the judgment. *See* 28 U.S.C. § 1291; *Catlin v. United States*, 324 U.S. 229, 233 (1945). Certain interlocutory orders are also immediately appealable, albeit some only if certified. *See* 28 U.S.C. § 1292(a)(1), (b); Fed. R. Civ. P. 54(b). Otherwise, we lack jurisdiction over an interlocutory appeal. *See Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026−27 (6th Cir. 1994); *Wiltse v. Clarkson*, 542 F.2d 363, 364 (6th Cir. 1976) (order).

An interlocutory order denying a stay of a district court's own proceedings is generally not appealable under § 1292(a)(1). *See Swanson v. DeSantis*, 606 F.3d 829, 832–34 (6th Cir. 2010). The SLC argues, however, that the district court's order is reviewable under the collateral order doctrine, pursuant to which certain collateral rulings are deemed final for purposes of § 1291. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on

appeal from the final judgment in the underlying action." *Mohawk Indus.*, 558 U.S. at 106 (citation omitted).

To the extent that the SLC sought to stay discovery, "discovery orders are generally not appealable under the collateral order doctrine." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006). To the extent that the SLC sought to stay the litigation itself, the denial of a motion to stay is also generally not appealable under the collateral order doctrine. *See* 15A Wright, Miller & Cooper, Federal Practice and Procedure § 3914.13 (2d ed.) (collecting authority). "In special circumstances, however, denial of a stay may be appealed under [the] collateral order doctrine if there is a reasonable argument that a stay is required as a matter of statutory right rather than as a matter of discretion." *Id.* (footnote omitted) (citing *Praxis Props., Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 53–61 (3d Cir. 1991)).

The SLC is unable to point to a statutory right to the requested stay of proceedings. The Private Securities Litigation Reform Act provides for a mandatory stay of discovery pending the disposition of a motion to dismiss in a private securities action. 15 U.S.C. § 78u–4(b)(3)(B); *see In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543–44 (N.D. Ohio 2004). This provision does not apply here, however, because the SLC moved for a stay after dismissal was denied. Rather, as the Southern District of Ohio explained in denying a stay of related proceedings, an SLC's motion to stay a derivative action should generally be granted, but this decision is left to the discretion of the trial court. *See Emps. Ret. Sys. of St. Louis v. Jones*, No. 2:20-cv-4813, 2021 WL 4894833, at *1–3 (S.D. Ohio Oct. 20, 2021) (collecting authority); *see also, e.g.*, *In re Big Lots, Inc. S'holder Litig.*, No. 2:12-cv-445, 2017 WL 2215461, at *5–6 (S.D. Ohio May 19, 2017) ("[D]iscovery should be stayed '[i]n the absence of special circumstances[.]'" (second and third alterations in original) (quoting 2 Principles of Corp. Governance § 7.06 (1994))). Although the

SLC identifies Ohio authority holding that courts should defer to the business decisions of an SLC, this authority falls short of defining an entitlement to a stay of proceedings. *See, e.g.*, *Miller v. Bargaheiser*, 591 N.E.2d 1339, 1342–43 (Ohio Ct. App. 1990) (stating that Ohio Revised Code § 1702.30(B) "reflects the legislative intent that corporations should be permitted to manage themselves without interference from the courts"). The SLC thus has not shown that the collateral order doctrine permits review here.

The SLC seeks, in the alternative, a writ of mandamus directing the district court to issue a six-month stay of proceedings. The writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (citation omitted). "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (internal quotation marks and citations omitted). "First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief [it] desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380–81 (alteration in original) (internal quotation marks and citations omitted). "Second, the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable." *Id.* at 381 (alteration in original) (internal quotation marks and citation omitted). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citation omitted).

Even assuming that the SLC lacks other adequate means to obtain the requested stay of proceedings, its petition fails to satisfy the second prerequisite for mandamus relief. As discussed above, an SLC's motion to stay a derivative action should generally be granted, but this decision is left to the discretion of the trial court. In this case, the district court denied a stay based on a

finding of unreasonable delay, explaining that FirstEnergy waited nearly a year after the litigation had commenced before forming the SLC and offered no compelling justification for this delay. *Miller*, 2021 WL 4220780, at *1. The Southern District of Ohio similarly found that FirstEnergy's failure to justify its delayed formation of the SLC disfavored a stay. *See Emps. Ret. Sys.*, 2021 WL 4894833, at *1–4 (citations omitted). Although the SLC insists otherwise, its right to a stay is not "clear and indisputable" for substantially the reasons cited by the district court. *Cheney*, 542 U.S. at 381; *see Miller*, 2021 WL 4220780, at *1; *see also Emps. Ret. Sys.*, 2021 WL 4894833, at *2–4.

Accordingly, the motion to dismiss for lack of jurisdiction in No. 21-3854 is **GRANTED**, the petition for a writ of mandamus in No. 21-4037 is **DENIED**, and the motions to expedite, consolidate, and stay pending appeal in Nos. 21-3854 and 21-4037 are **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk