IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JENNIFER L. MILLER,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ANDERSON, *et al.*,<br><br>   Defendants,<br><br>and<br><br>FIRSTENERGY CORP.,<br><br>   Nominal Defendant. | Judge John R. Adams<br><br>Case No. 5:20-CV-01743 |

**JOINT PROTOCOL FOR PRODUCTION OF DOCUMENTS AND
<u>ELECTRONICALLY STORED INFORMATION</u>**

  This Protocol will govern how the parties manage electronic discovery in the above-captioned Action.  The production specifications in this Protocol apply to documents that are produced in the first instance in this Action, by a party to this Action, unless otherwise specified below.

**I.  GENERAL PROVISIONS**

  A.  The agreements set forth herein are without prejudice to the right of a party to request additional information about, or production of, additional ESI or object to such requests for information or production on grounds related to the particular request.  The parties shall confer in good faith with regard to whether such additional efforts are reasonably required and may seek assistance from the Court to resolve such disputes if agreement cannot be reached.

B. Each party shall identify an E-Discovery Coordinator(s) through whom all e-discovery requests and responses are coordinated. Regardless of whether the E-Discovery Coordinator(s) is an attorney (in-house or outside counsel), a third-party consultant, or an employee of the party, that individual must be (a) familiar with the party's past and present electronic systems and capabilities to explain these systems and to answer relevant questions; (b) knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and formatting issues; and (c) prepared to participate in e-discovery dispute resolutions. If a party's E-Discovery Coordinator(s) is not outside counsel to the party, all communications to that E-Discovery Coordinator(s) must also include the party's outside counsel.

C. The parties shall make reasonable efforts to resolve any differences concerning compliance with this Protocol. If a responding party cannot comply with any aspect of this Protocol, such party shall promptly and fully explain to the requesting party why compliance with the Protocol is unreasonable or not possible. The parties shall meet and confer to the extent reasonably necessary to resolve any issues regarding production format and to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

D. No party may seek relief from the Court concerning compliance with this Protocol until it has conferred with the other party or parties relevant to the dispute.

II. **PRODUCTION OF PREVIOUSLY PRODUCED DOCUMENTS AND ESI**

A. To the extent any party or third party is required or agrees to re-produce documents in this Action that originally were produced in other cases or government investigations, such documents may initially be produced in the same format that they originally were produced or prepared for production, including the same metadata, and the producing party shall provide

information sufficient to identify the Bates numbers of the document from prior productions. Should the receiving party believe there is a good faith basis for previously produced documents to be produced in a format consistent with this Protocol, the producing party shall promptly explain whether, and to what extent, previously produced documents can be produced in a format consistent with this Protocol.

### III. IDENTIFICATION OF RESPONSIVE ESI

A. **Search for Discoverable ESI.** In response to a requesting party's discovery request for which documents will be produced either by agreement that the request is properly within the scope of discovery in the Action or as a result of intervention by the Court ("Document Request"), the producing party shall conduct a reasonable and good faith search for responsive ESI.

B. **Reasonably Accessible ESI.** To the extent a producing party becomes aware of sources of ESI that contain unique data that is potentially responsive to a Document Request but that the producing party in good faith considers to be not reasonably accessible because of undue burden or cost, the producing party must promptly and fully disclose such ESI and meet and confer with the receiving party.

C. **Custodians.** Unless otherwise agreed to by the requesting and producing parties, within the later of fourteen (14) days of a party serving its responses and/or objections agreeing to produce documents in response to a party's Requests for Production of Documents served in accordance with Federal Rule of Civil Procedure 34 ("RFPs") or entry of this Protocol, the producing party will disclose the individuals they believe in good faith to be the most likely to possess ESI and other documents potentially responsive to the requests. Within ten (10) days of the party's disclosure, the parties shall meet and confer to attempt to agree on a list of individuals

whose custodial ESI will be searched. The list of individuals, either as a result of agreement by the parties or intervention by the Court, shall be considered the "Custodians," whose documents, email and other ESI will be searched in this matter in response to the RFPs. The list of Custodians can be amended at any time by agreement of the requesting and producing parties or by order of the Court. This paragraph is not intended to limit the sources of ESI to be considered and/or searched to individual custodial ESI.

D. **Preservation.** Each party represents that it has taken the required steps to preserve hard copy documents and ESI related to this Action. These steps include, but are not limited to, providing written notice to the Custodians who are under each party's control. The parties will disclose categories or sources of responsive information that they have reason to believe have not been preserved or should not be preserved, after the duty preserve arose and will explain the reasons to support such a belief.

E. **Easily Segregable Documents.** Responsive documents or categories of documents that are easily identifiable and segregable (e.g., Board Minutes and Materials, prior productions to third parties) shall be collected without the use of search terms or other agreed-upon advanced search methodology and promptly produced. The producing party will indicate which categories of documents will be produced with and without the use of search terms or other agreed upon advanced search methodology.

F. **Search Terms.** Unless otherwise agreed to by the requesting and producing parties, within the later of fourteen (14) days of a party's serving its responses and/or objections agreeing to produce documents in response to another party's RFPs, or entry of this Protocol, the producing party will disclose the search terms and any other culling/search criteria it intends to apply ("Proposed Search Terms") to filter the sources of ESI. If the requesting party would like

additional search terms used, it shall inform the responding party of the additional proposed search terms in writing within ten (10) days of the initial exchange of Proposed Search Terms. Within seven (7) days of receiving the proposed additional search terms, the producing party shall produce a hit count after global de-duplication (including the number of documents that hit on each term for each Custodian, the number of unique documents that hit on each term, and the total number of documents that would be returned using the Proposed Search Terms, including families) ("Hit Report") for any of the terms it objects to. Notwithstanding the foregoing, the producing party may also provide hit reports for all, or some additional subset of, the Proposed Search Terms if otherwise agreed to by the producing party and the requesting party. The parties will then confer in good faith to reach agreement on any alternative or additional search terms within ten (10) days. If the parties cannot reach an agreement within ten (10) days thereafter, the requesting party may seek relief from the Court. The list of agreed upon search terms can be amended at any time by agreement of the requesting and producing parties or by order of the Court.

G. **Technology-Assisted Review.** If a party intends to use predictive coding/technology-assisted review for the purpose of culling documents to be produced, the party shall notify the requesting party prior to use and with ample time to meet and confer regarding a protocol for use of such technology.

H. **Acknowledgment.** The parties acknowledge that each party must produce responsive documents, subject to their objections, that they know to exist, even if not captured by the search protocol contained in this Protocol. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

IV.     **PRODUCTION OF ESI**

    A.     **Format.**  The parties will produce ESI in single-page TIFF format at 300 dpi in black-and-white, with the exception of spreadsheet type files and presentation type files, source code, audio, and video files, which shall be produced in native format.  A receiving party may request that documents be re-produced with the coloration of the original document by providing a list of the Bates numbers of documents it requests to be produced in color format.  Upon such a request, should the producing party object to it, the parties shall promptly meet and confer as to the appropriateness of the request and shall attempt to come to an agreement regarding the number, types, and format of documents to be produced in color, if any.  Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.  TIFFs/JPGs will show any and all text and images which would be visible to the reader using the native software that created the document.  For example, TIFFs/JPGs of email messages should include the BCC line, should a BCC be present on the email.  Presentation and spreadsheet documents shall be processed with hidden slides and all speaker notes unhidden; presentation documents shall also be processed to show both the slide and the speaker's notes on the image.

    B.     **Natives.**  If a document is produced in native, a single-page Bates stamped image slip sheet stating the document has been produced in native format will also be provided.  Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the LINK field.  To the extent either party believes that specific documents or classes of documents not already identified within this Protocol should be produced in native format, the parties agree to meet and confer in good faith to resolve the request.  The producing party shall not unreasonably deny such requests.

    C.    **<u>Redaction of Native Documents.</u>** If files required to be produced in native format contain both discoverable information and non-discoverable privileged information that would otherwise be redacted for production, the producing party shall apply the redactions directly on the native file itself or, for non-spreadsheet type files, the producing party may produce TIFF/JPG with burned-in redactions in lieu of a native file and TIFF placeholder image, as follows:

        i.    If applying redactions to the native file itself, a party shall in no way remove or alter formatting and contextual information (e.g., headers, column headings, etc.) in creating the modified file for production and must retain a copy of the original, unmodified file in its native format. Documents that are to be produced in a native format but that require redactions shall be produced along with a single-page Bates stamped image slip sheet stating the document has been produced in native format.

        ii.    A party producing TIFF/JPG files that contain redacted text shall ensure that native files, prior to conversion to TIFF/JPG, reveal hidden data from redacted native files and will be formatted so as to be readable.

    D.    **<u>Appearance.</u>** Each document's electronic image shall convey the same information and image as the original native document except for the addition of Bates numbers, any confidentiality designation(s) consistent with the terms of the Protective Order entered in this Action, and redactions – labeled appropriately to identify the type of redaction – for any asserted privilege or other confidential or private and sensitive information agreed to by the producing and requesting parties or as ordered by the Court. If it is not practicable to include within the electronic files themselves the confidentiality designation, then the producing party shall designate in a transmittal letter or email to the party to whom the materials are produced any portions of the ESI that should be so designated. Documents shall appear with any such redactions, revisions, and/or

comments visible and printed.  Documents that present imaging or formatting problems shall be identified by the receiving party, and the parties shall meet and confer in an attempt to resolve the problems.  Each party will use reasonable efforts to brand images for data from mobile devices with the Custodian's name, device type, and device serial number at the top of each page.

      E.    **Unitization.**  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file of the producing party or shall be documented in a load file or otherwise electronically tracked.

      F.    **De-Duplication.**  Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  No party shall remove near-duplicate documents or use email threading as a means to eliminate documents from production without the consent of the requesting party and allowing time for the parties to meet and confer in advance.  De-duplication will be done across the entire collection (global de-duplication), the CUSTODIAN field will list the Custodian of a document after de-duplication, and the FILEPATH field will list a single filepath associated with the document.  Each of the Custodians associated with the document (including those that are excluded due to de-duplication) shall be listed in the ALL_CUSTODIAN field.  Mobile data is not subject to de-duplication.

      G.    **Compressed File Types.**  Compressed file types (i.e., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

H.     **Metadata.**  The parties will produce extracted metadata for each document in the form of an industry standard Concordance .DAT file and include the fields shown in the table below.  If specific fields cannot be provided for a particular document because, e.g., the field is unavailable or contains privileged information or the document was scanned from a hard copy, the field(s) may be left blank.  For date and time field types, the format shall be provided in the following format in separate fields as specified below:  mm/dd/yyyy for dates and hh:mm for time.  The parties will produce the following metadata fields to the extent available:

| Field Name | Description |
|---|---|
| **Common Fields** ||
| FIRSTBATES | The beginning Bates number of the document. |
| LASTBATES | The last Bates number of the document. |
| ATTACHRANGE | The Bates range for the document family. |
| BEGATTACH | The beginning Bates number of the document family. |
| ENDATTACH | The last Bates number of the entire document family |
| PARENT_BATES | The beginning Bates number of the parent document of the document family. |
| CHILD_BATES | The beginning Bates number for each child document within the document family. |
| CUSTODIAN | Custodian of a document from which the document originated. |
| ALL_CUSTODIAN | All of the custodians of a document from which the document originated, separated by semicolons. |
| FILE_SIZE | The file size of a document in kilobytes. |
| PGCOUNT | The number of single page images associated with the document. |
| FILEPATH | The path which the document existed at its source. |
| MIME TYPE | The content type of an email or native file document as identified/extracted from the header. |
| HASH_VALUE | Unique identifier associated with the document or "de-duplication key" assigned to the document. |

| Field Name | Description |
|---|---|
| TEXT PATH | The path to the extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. There, text files should be named with their corresponding Bates numbers. |
| REDACTED | If a document contains a redaction the field will display YES. |
| **Non-Mobile Originated** | |
| FROM | The display name and email address of the author of an email/calendar item. |
| TO | The display name and email address of the recipient(s) of an email/calendar item. |
| CC | The display name and email address of the copyee(s) of an email/calendar item. |
| BCC | The display name and email address of the blind copyee(s) of an email/calendar item. |
| SUBJECT | The subject line of the email/calendar item. |
| FILE_NAME | The file name of a document. |
| TITLE | The extracted document title of the document. |
| DATE LAST MODIFIED | The date the document was last modified. |
| TIME LAST MODIFIED | The time the document was last modified. |
| LAST_MODIFIED BY | Name of the person who last modified or saved the document. |
| DATE_SENT | The date the email or calendar entry was sent. |
| TIME_SENT/TIME_ZONE | The time the email or calendar entry was sent. |
| TIME_ZONE | The time zone the document was processed in. |
| CREATE DATE | The date the document was created. |
| CREATE TIME | The time the document was created. |
| DATE_RECEIVED | The date the email or calendar entry was received. |
| TIME_RECEIVED/TIME_ZONE | The time the email or calendar entry was received. |
| CONFIDENTIALITY | The confidentiality designation of a document if it has been so designated under the Protective Order. |
| TRACK_CHANGES | A Yes/No indicator that identifies whether a document has tracked changes. |
| LINK | The relative path to a native copy of a document. |
| FILE_EXTEN | The file extension of the document. |
| AUTHOR | The author of the document from extracted metadata. |
| **Mobile Originated** | |
| CONVERSATION_GROUP | The participants within a mobile device chat. |

| Field Name | Description |
|---|---|
| CONVERSATION_START_DATE | The start date of a mobile device chat conversation. |
| CONVERSATION_START_TIME/TIME_ZONE | The start time of a mobile device chat conversation. |
| CONVERSATION_END_DATE | The end date of a mobile device chat conversation. |
| CONVERSATION_END_TIME/TIME_ZONE | The end time of a mobile device chat conversation. |
| MOBILE_SOURCE_APP | The mobile device application from which the document was derived. |
| MOBILE_SOURCE_APP_ACCOUNT | The mobile device application account from which the document was extracted. |

I. **Attachments**. The parties agree that if any part of a parent document or its attachments is responsive, the entire document family will be produced, except any family member that must be withheld or redacted on the basis of privilege. If a family member is withheld on the basis of privilege, a slip sheet stating it has been withheld will be produced. In instances where any family member is withheld under a claim of privilege, and where such family member is later produced, the entire family (except any family members that must continue to be withheld or redacted on the basis of privilege) will be produced with a new Bates number. The attachments will be produced sequentially after the parent email.

V. **PRODUCTION FROM DATABASES**

If responding to a discovery request requires production of ESI contained in a database, the producing party may comply with the discovery request by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic format (for example, in Excel or .csv format). The parties shall meet and confer as needed to agree upon the sets of data or fields to be included and to generate a report in a useable format. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or

to request specific data from identified fields. The parties reserve all rights to object, including but not limited to objections for relevance, undue burden, and/or inaccessibility.

## VI. PRODUCTION OF HARD COPY DOCUMENTS

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain, at a minimum, the following fields: FIRSTBATES, LASTBATES, PGCOUNT, and CUSTODIAN. The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. A receiving party may request that documents be re-produced with the coloration of the original document by providing a list of the Bates numbers of documents it requests to be produced in color format. Upon such a request, should the producing party object to it, the parties shall promptly meet and confer as to the appropriateness of the request and shall attempt to come to an agreement regarding the number, types, and format of documents to be produced in color, if any. The parties agree not to degrade the searchability of documents as part of the document production process, but have no affirmative obligation to OCR documents.

## VII. SERVICE OF PRODUCTIONS

A. **Production Media.** The producing party shall produce documents on CD, DVD, external hard drive (with standard PC compatible interface), FTP site, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall be labeled with: (1) the party making the production; (2) the date of the production; (3) text referencing the case caption; (4) the Bates number range of the materials contained on the Production Media; and (5) any confidentiality

designation(s) consistent with the terms of the Protective Order that may be entered in this matter. To maximize the security of information in transit, any Production Media may be encrypted by the producing party. In such cases, the producing party shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media.

B **Parties to Receive Productions.** The producing party shall provide all other parties a copy of any production made in response to any discovery request or other production made in accordance with Federal Rule of Civil Procedure 26.

C. **Copies of Production Received by Third Parties.** Any party that receives a production of documents from a third party in response to a subpoena shall provide all other parties a copy of the third party production within 10 days of receipt of the production.

### VIII. PRIVILEGE LOGS

A. A party withholding documents or producing documents that contain redactions based on one or more claims of privilege shall produce a privilege log no later than thirty days after the first document is withheld from production and shall produce rolling logs thereafter with the final privilege log being produced no later than thirty days after the producing party asserts that it has completed its document production, all subject to entry of an agreed-upon protocol for privilege logs to supplement this Protocol.

### IX. NO WAIVER

Nothing in this Protocol shall be deemed a waiver of any objection made by a party in response to a discovery request.

**SO ORDERED.**

Dated: January 11, 2022  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

[*signatures begin on next page*]

**AGREED TO:**

/s/ John C. Camillus (with permission)
John C. Camillus (0077435)
LAW OFFICES OF JOHN C.
CAMILLUS LLC
P.O. Box 141410
Columbus, OH 43214
Phone: (614) 992-1000
jcamillus@camilluslaw.com

*Liaison Counsel for Lead Plaintiffs*

SAXENA WHITE P.A.
Maya Saxena
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33432
Phone: (561) 394-3399
msaxena@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

SAXENA WHITE P.A.
Thomas Curry
1000 N. West Street
Suite 1200, Office 1265
Wilmington, DE 19801
Phone: (302) 485-0480
tcurry@saxenawhite.com

SAXENA WHITE P.A.
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606
Phone: (914) 437-8551
sdileo@saxenawhite.com

    -and-

/s/ Geoffrey J. Ritts
Geoffrey J. Ritts (0062603), Trial Attorney
Robert S. Faxon (0059678)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: gjritts@jonesday.com
Email: rfaxon@jonesday.com

Marjorie P. Duffy (0083452)
Jordan M. Baumann (0093844)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
Email: mpduffy@jonesday.com
Email: jbaumann@jonesday.com

*Attorneys for Defendants Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Leslie M. Turner, Steven E. Strah, and K. Jon Taylor*

*[signatures continue on next page]*

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER<br>& GROSSMANN LLP<br>Jeroen van Kwawegen<br>Alla Zayenchik<br>Matthew Traylor<br>Margaret Sanborn-Lowing<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Phone: (212) 554-1400<br>Jeroen@blbglaw.com<br>Alla.Zayenchik@blbglaw.com<br>Matthew.Traylor@blbglaw.com<br>Margaret.Lowing@blbglaw.com<br><br>*Co-Lead Counsel for Lead Plaintiffs*<br><br>COHEN MILSTEIN SELLERS<br>& TOLL PLLC<br>Steven J. Toll<br>Daniel S. Sommers<br>1100 New York Ave. NW, Fifth Floor<br>Washington, D.C. 20005<br>Telephone: (202) 408-4600<br>stoll@cohenmilstein.com<br>dsommers@cohenmilstein.com<br><br>- and -<br><br>COHEN MILSTEIN SELLERS<br>& TOLL PLLC<br>Christopher Lometti<br>Richard A. Speirs<br>Amy Miller<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838 7745<br>clometti@cohenmilstein.com<br>rspeirs@cohenmilstein.com<br>amiller@cohenmilstein.com<br><br>*Counsel for Additional Plaintiff*<br>*Massachusetts Laborers Pension Fund* | /s/ Daniel R. Warren (with permission)<br>Daniel R. Warren (0054595)<br>Carole S. Rendon (0070345)<br>Douglas Shively (0094065)<br>BAKER & HOSTETLER LLP<br>Key Tower<br>127 Public Square, Suite 2000<br>Cleveland, OH 44114-1214<br>Telephone:  (216) 621-0200<br>Facsimile:  (216) 696-0740<br>Email:  dwarren@bakerlaw.com<br>Email:  crendon@bakerlaw.com<br>Email:  dshively@bakerlaw.com<br><br>*Attorneys for Defendant Charles E. Jones*<br><br>/s/ John A. Favret (with permission)<br>John F. McCaffrey (0039486)<br>John A. Favret (0080427)<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113<br>Telephone:  (216) 592-5000<br>Facsimile:  (216) 592-5009<br>Email:  john.mccaffrey@tuckerellis.com<br>Email:  john.favret@tuckerellis.com<br><br>*Attorneys for Defendant Michael J. Dowling*<br><br>/s/ Marcella L. Lape (with permission)<br>Marcella L. Lape (0077803)<br>Gail Lee (admitted *pro hac vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER,<br>   FLOM, LLP<br>155 N. Upper Wacker Drive<br>Chicago, IL 60606-1720<br>Telephone:  (312) 407-0700<br>Facsimile:  (312) 407-0411<br>Email:  marcie.lape@skadden.com<br>Email:  gail.lee@skadden.com<br><br>*Attorneys for Defendant Ebony Yeboah-Amankwah* |

EDELSON LECHTZIN LLP
Marc H. Edelson
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

*Counsel for Additional Plaintiff Jennifer L. Miller*

/s/ John C. Fairweather (with permission)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
BROUSE MCDOWELL
388 South Main Street, Suite 500
Akron, OH 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
Email: JFairweather@brouse.com
Email: ldelgrosso@brouse.com

Steven S. Scholes (admitted *pro hac vice*)
David S. Rosenbloom (admitted *pro hac vice*)
Paul Helms (admitted *pro hac vice*)
MCDERMOTT, WILL, & EMERY, LLP
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: sscholes@mwe.com
Email: drosenbloom@mwe.com
Email: phelms@mwe.com

*Attorneys for Defendant Robert P. Reffner*

/s/ Jeremy R. Teaberry (with permission)
Jeremy R. Teaberry (0082870)
Timothy D. Katsiff (admitted *pro hac vice*)
David L. Axelrod (admitted *pro hac vice*)
Emilia McKee Vassallo (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
Email: teaberryj@ballardspahr.com
Email: katsifft@ballardspahr.com
Email: axelrodd@ballardspahr.com
Email: mckeevassalloe@ballardspahr.com

*Attorneys for Defendant James F. Pearson*

- 18 -

/s/ Douglas M. Mansfield, Jr.
(with permission)

Douglas M. Mansfield, Jr.
LAPE MANSFIELD NAKASIAN &
GIBSON
Ste. 150
9980 Brewster Lane
Powell, OH 43065
614-763-2316
614-467-3704 (fax)
Email: dmansfield@lmng-law.com

Laura Hughes McNally
Michael L. Kichline
MORGAN, LEWIS & BOCKIUS
1701 Market Street
Philadelphia, PA 19103
215-963-5000
215-963-5001 (fax)
Email: laura.mcnally@morganlewis.com
Email:
michael.kichline@morganlewis.com

*Attorneys for Defendant Dennis M. Chack*
