# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER MILLER, *et al.*, | |
| Plaintiffs, | Case No. 5:20-cv-1743 |
| v. | Judge John R. Adams |
| MICHAEL J. ANDERSON, *et al.*, | |
| Defendants, | |
| and | |
| FIRSTENERGY CORP., | |
| Nominal Defendant. | |

# PRIVILEGE LOG SUPPLEMENT TO
# JOINT PROTOCOL FOR PRODUCTION OF
# DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

This protocol ("Privilege Log Protocol") supplements the stipulated ESI Protocol entered by the Court on January 11, 2022 (Doc. # 236), and shall be deemed part of that Protocol. This Privilege Log Protocol governs the logging of documents withheld or redacted on privilege grounds by nominal defendant FirstEnergy in connection with FirstEnergy's production of documents responsive to Plaintiffs' discovery requests.[1]

---

[1] For the avoidance of doubt, the privilege log supplement previously filed by Plaintiffs and entered by the Court (Doc. # 232) was negotiated between Plaintiffs and the individual defendants and was not negotiated with or approved by FirstEnergy and did not apply to FirstEnergy. This Privilege Log Protocol, along with the January 11, 2022, ESI Protocol, was negotiated and agreed to by Plaintiffs and FirstEnergy.

- 2 -

## VIII. PRIVILEGE LOGS (cont.)

B. If FirstEnergy withholds documents or produces documents that contain redactions based on one or more claims of privilege in connection with producing documents to Plaintiffs, it shall produce a privilege log no later than thirty days after the first document is withheld from production and shall produce rolling logs thereafter with the final privilege log being produced no later than thirty days after FirstEnergy asserts that it has completed its document production. FirstEnergy agrees to work with Plaintiffs to prioritize the provision of information pursuant to this Privilege Log Protocol as necessary. Additionally, without changing that 30-day time period, FirstEnergy will make reasonable efforts to substantially complete production of all privilege logs pursuant to this agreed protocol no later than January 31, 2022, and agrees to notify Plaintiffs in the event FirstEnergy is not able to substantially complete its production of privilege and redaction logs by that date. To the extent such discovery is permitted by the Court, for any discovery served with a response date after January 18, 2022, privilege logs shall presumptively be due fourteen days after each production with privileged materials, provided FirstEnergy may seek relief from this timing requirement if issues arise in the future. All privilege logs produced by FirstEnergy will be provided in both Excel and PDF format.

C. To the extent FirstEnergy elects, and Plaintiffs agree to allow FirstEnergy, to use metadata to prepare a privilege log, each entry on the log will be numbered, shall have a unique ID, shall include at least the following metadata fields as defined in Section IV.H of the ESI Protocol, and will identify the type of privilege(s) being asserted with respect to each document:

- For Non-Mobile Originated:
    - FROM
    - TO
    - CC
    - BCC
    - AUTHOR

- o LAST EDITED BY
- o ALL CUSTODIAN
- o SUBJECT
- o FILENAME
- o TITLE
- o LAST MODIFIED DATE
- o LAST MODIFIED TIME
- o DATE_SENT
- o TIME_SENT/TIME_ZONE
- o CREATE DATE
- o CREATE TIME
- o TIME_ZONE
- o FILE_EXTEN
- For Mobile-Originated:
  - o CONVERSATION_GROUP
  - o CONVERSATION_START_DATE
  - o CONVERSATION_START_TIME/TIME_ZONE
  - o CONVERSATION_END_DATE
  - o CONVERSATION_END_TIME/TIME_ZONE
  - o MOBILE_SOURCE_APP
  - o MOBILE_SOURCE_APP_ACCOUNT
- For all entries to the extent applicable:
  - o FIRSTBATES
  - o LASTBATES
  - o ATTACHRANGE

D. FirstEnergy does not need to log any of the following categories of privileged documents:

   i. Redacted privileged advice or work product in Board or Board Committee meeting materials that is wholly unrelated to the subject matter of this case or to FirstEnergy's, the Board's, or any Board Committee's internal investigation(s) of the subject matter of this case (e.g., privileged information regarding taxes, real estate issues, labor disputes, physical security or cybersecurity); or

   ii. Withheld or redacted privileged advice or work product exchanged exclusively between or among Schiff Hardin, on the one hand, and

- 3 -

        FirstEnergy, on the other hand, concerning Plaintiffs' derivative actions after the commencement of those actions.

    iii.    The parties also agree to meet and confer to the extent any party identifies any other category of withheld or redacted privileged advice or work product, including but not limited to privileged documents or communications relating to additional matters involving FirstEnergy not set forth in Exhibit A, that it believes should not be logged due to undue burden or other justified reason. If after conferring in good faith they cannot agree, the matter may be brought to the Court.

E.    FirstEnergy may log categorically, at least in the first instance, the following categories of privileged documents:

    i.    Fully withheld privileged advice or work product in Board or Board Committee meeting materials that is wholly unrelated to the subject matter of this case or to FirstEnergy's, the Board's, or any Board Committee's internal investigation(s) of the subject matter of this case broken down by the type of subject matter to which the privileged advice or work product applies (e.g., tax advice, regulatory advice, litigation advice); or

    ii.    All parties to this Privilege Log Protocol understand and agree that, despite their agreement to produce and receive categorical logs of the aforementioned privileged information in the first instance, Plaintiffs reserve all rights to subsequently request that FirstEnergy individually log some or all of the privileged information categorically logged as necessary.

- 5 -

    F.    FirstEnergy will individually log, in the first instance, the following categories of privileged documents:

        i.    Withheld or redacted privileged advice or work product in Board or Board Committee meeting materials regarding or related to the subject matter of this case;

        ii.    Withheld or redacted privileged advice or work product provided in connection with or in any way concerning FirstEnergy's, the Board's, and any Board Committee's internal investigation(s) of the subject matter of this case;

        iii.    Withheld or redacted privileged advice or work product related in any way to the termination or separation of five of the Officer Defendants and the termination or separation of any other person employed by or associated with FirstEnergy in connection with the subject matter of this case;

        iv.    Withheld or redacted privileged advice or work product related in any way to FirstEnergy's interactions with any of the persons or entities referenced in FirstEnergy's Deferred Prosecution Agreement with the DOJ and/or FirstEnergy's efforts to obtain any of the "legislative solutions" relevant to the subject matter of this case dated, created, or pertaining to events that occurred prior to July 21, 2020; provided, however, FirstEnergy shall not be required to individually log privileged advice or work product regarding irrelevant PUCO proceedings, irrelevant issues involving FirstEnergy subsidiaries or affiliates, or the FES bankruptcy;

    v.    Withheld or redacted privileged advice or work product regarding any proposal or withdrawal of any proposal by FirstEnergy shareholders regarding FirstEnergy's political contributions, lobbying efforts, or FirstEnergy and Board oversight of the same;

    vi.    Withheld or redacted privileged advice or work product involving or related to any crisis management activities, press inquiries or coverage of, or internal communications regarding inquiries into FirstEnergy's political contributions, lobbying activities, or other issues concerning HB6 dated, created, or pertaining to events that occurred prior to July 21, 2020;

    vii.    Withheld or redacted privileged advice or work product regarding internal or external audits of internal controls over political contributions and lobbying; and

    viii.    Withheld or redacted privileged advice or work product regarding oversight of FirstEnergy's political contributions and lobbying.

G. FirstEnergy will provide, at least in the first instance, a metadata privilege log for all withheld or redacted privileged advice or work product that is not otherwise included in one of the categories listed above in Sections VIII(D), (E), or (F), *supra*. This metadata log need not contain an individualized description of the privileged information withheld or redacted, but must contain all information and metadata listed in Section VIII(C) above, to the extent available and applicable. All parties to this Privilege Log Protocol understand and agree that, despite their agreement to produce and receive a metadata log of the aforementioned privileged information in the first instance, Plaintiffs reserve all rights to subsequently request that FirstEnergy individually log some or all of the privileged information provided on the metadata log as necessary.

H. Separately, FirstEnergy agrees to produce to Plaintiffs an initial metadata log consistent with the requirements set forth in Section VIII(C) above containing entries for all withheld or redacted privileged information falling into one of the categories identified in Sections VIII(E), (F), or (G), *supra*.  FirstEnergy anticipates producing such a log by or before January 31, 2022.

I. The parties recognize and agree that this Privilege Log Protocol was created for the purpose of assisting FirstEnergy in meeting its discovery obligations in this case, facilitating compromise on categories of documents sought by Plaintiffs the production of which, in the opinion of FirstEnergy, may have been otherwise not proportional to the needs of the case, and in the spirit of reducing the burden on FirstEnergy with respect to its privilege logging obligations without prejudicing any right otherwise belonging to Plaintiffs.  Every agreement reached between Plaintiffs and FirstEnergy regarding FirstEnergy's logging of privileged materials herein, however, is made based on the understanding that the parties reserve all rights to demand or provide a further privilege log at any time and to otherwise assert that they are entitled to obtain or protect materials in discovery, whether pursuant to Rule 26 or otherwise.  The failure of a party to demand or provide a more fulsome privilege log shall not be used against it by the other party to this Privilege Log Protocol in a later dispute, if any.

**SO ORDERED.**

Dated: _____   _____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

[*signatures begin on next page*]

| | |
|---|---|
| */s/ Sara DiLeo (with permission)* | */s/ Ann H. MacDonald* |
| LAW OFFICES OF JOHN C. CAMILLUS LLC<br>John C. Camillus (0077435)<br>P.O. Box 141410<br>Columbus, OH 43214<br>Telephone:  (614) 992-1000<br>jcamillus@camilluslaw.com<br><br>*Liaison Counsel for Lead Plaintiffs*<br><br>SAXENA WHITE P.A.<br>Thomas Curry<br>1000 N. West Street<br>Suite 1200, Office 1265<br>Wilmington, DE 19801<br>Telephone:  (302) 485-0480<br>tcurry@saxenawhite.com<br><br>        -and-<br><br>SAXENA WHITE P.A.<br>Sara DiLeo<br>10 Bank Street, 8th Floor<br>White Plains, NY 10606<br>Telephone:  (914) 437-8551<br>sdileo@saxenawhite.com<br><br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>Jeroen van Kwawegen<br>Alla Zayenchik<br>Matthew Traylor<br>Margaret Sanborn-Lowing<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 554-1400<br>Jeroen@blbglaw.com<br>Alla.Zayenchik@blbglaw.com<br>Matthew.Traylor@blbglaw.com<br>Margaret.Lowing@blbglaw.com<br><br>*Proposed Co-Lead Counsel for Proposed Lead Plaintiffs* | SCHIFF HARDIN LLP<br>Barry S. Hyman (pro hac vice pending)<br>Lawrence H. Heftman (pro hac vice pending)<br>Ann H. MacDonald<br>Kevin J. Whelan (pro hac vice pending)<br>233 S. Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Telephone:  (312) 258-5500<br>Facsimile:  (312) 258-5600<br>E-Mail: bhyman@schiffhardin.com<br>lheftman@schiffhardin.com<br>amacdonald@schiffhardin.com<br>kwhelan@schiffhardin.com<br><br>*Counsel for Nominal Defendant FirstEnergy Corp.* |

- 8 -

COHEN MILSTEIN SELLERS
& TOLL PLLC
Steven J. Toll
Daniel S. Sommers
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

- and –

COHEN MILSTEIN SELLERS
& TOLL PLLC
Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Counsel for Additional Plaintiff Massachusetts Laborers Pension Fund*

EDELSON LECHTZIN LLP
Marc H. Edelson
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

*Counsel for Additional Plaintiff Jennifer L. Miller*

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

/s/ Ann H. MacDonald

*Attorney for Nominal Defendant FirstEnergy Corp.*