# EXHIBIT 1

Subject to FRE 408 and Ohio R. Evid. 408

*Employees Retirement System of the City of St. Louis, et al. v. Jones, et al.*,
Case No. 2:20-cv-04813 (S.D. Ohio)

*Miller, et al. v. Anderson, et al.*,
Case No. 5:20-cv-01743 (N.D. Ohio)

*In re FirstEnergy Corp., Stockholder Derivative Litigation*,
Case No. CV-2020-07-2107 (Ohio Ct. of Common Pleas, Summit Cnty.)

## SETTLEMENT TERM SHEET

1.     **Introductory Clause:**  This Settlement Term Sheet ("Term Sheet") is a binding and enforceable agreement that sets forth material terms associated with the settlement of (i) the stockholder derivative action captioned *Employees Retirement System of the City of St. Louis, et al. v. Jones, et al.*, Case No. 2:20-cv-04813 (the "Southern District Action"), pending in the United States District Court for the Southern District of Ohio (the "Southern District of Ohio" or the "Court"); (ii) the stockholder derivative action captioned *Miller, et al. v. Anderson*, Case No. 5:20-cv-1743-JRA (the "Northern District Action"), pending in the United States District Court for the Northern District of Ohio (the "Northern District of Ohio"); and (iii) the stockholder derivative action captioned *In re FirstEnergy Corp., Stockholder Derivative Litigation*, Case No. CV-2020-07-2107 (the "Ohio State Court Action," and together with the Southern District Action and the Northern District Action, the "Actions"), pending in the Summit County Court of Common Pleas (the "Ohio State Court").  The Settling Parties (as defined in paragraph 2 below) recognize that a formal, final Stipulation and Agreement of Settlement, Compromise, and Release (the "Settlement Agreement"), including all material terms set forth herein and other customary terms for stockholder derivative action settlements, will be executed by the Settling Parties reflecting this settlement (the "Settlement").

2.     **Settling Parties:**  The Settling Parties are: (i) plaintiffs in the Southern District Action, Co-Lead Plaintiffs Employees Retirement System of the City of St. Louis and Electrical Workers Pension Fund, Local 103, I.B.E.W. and additional plaintiff Massachusetts Laborers Pension Fund (collectively, the "Southern District of Ohio Plaintiffs"); (ii) plaintiffs in the Northern District Action, Plaintiff-Intervenors Employees Retirement System of the City of St. Louis and Electrical Workers Pension Fund, Local 103, I.B.E.W. and Massachusetts Laborers Pension Fund, and individual Plaintiff Jennifer L. Miller (collectively, the "Northern District of Ohio Plaintiffs"); (iii) plaintiffs in the Ohio State Court Action, John Gendrich and Robert Sloan (the "Ohio State Court Plaintiffs," and together with the Southern District of Ohio Plaintiffs and the Northern District of Ohio Plaintiffs, "Plaintiffs"); (iv) defendants Charles E. Jones, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil, III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Leslie M. Turner, Samuel L. Belcher, Bennett L. Gaines, K. Jon Taylor, Christine L. Walker, Gary Benz, Jason L. Lisowski, Irene M. Prezelj, Paul T. Addison, Jerry Sue Thornton, William T. Cottle, George M. Smart, Dennis M. Chack, Michael J. Dowling, James F. Pearson, Robert Reffner, Steven E. Strah, K. Jon Taylor, Ebony Yeboah-Amankwah, Eileen Mikkelsen, and Justin Biltz (collectively, "Defendants"); (v) nominal defendant FirstEnergy Corp. and all of its affiliates ("FirstEnergy" or the "Company"); and (vi) the Special Litigation Committee ("SLC") of the Board of Directors ("Board") of FirstEnergy (the "SLC").

3. **Settlement Consideration:** Within twenty (20) business days of entry of an order preliminarily approving the Settlement, Defendants shall cause their insurers to pay $180,000,000.00 (the "Settlement Amount") into an escrow account controlled by Co-Lead Counsel in the Southern District Action (the "Account"), subject to timely receipt of information reasonably required to process payment. Within ten (10) business days of the occurrence of the Settlement's "Effective Date" (as will be defined in the Settlement Agreement), Co-Lead Counsel in the Southern District Action will transfer the Settlement Amount, less the Fee and Expense Award (as defined in paragraph 12 below) paid or payable to Plaintiffs' Counsel and less any deductions for required taxes and tax expenses, from the Account to the Company. The Board, the members of the SLC, and the Company shall also implement the corporate governance reforms ("Reforms") set forth in Exhibit A hereto not later than ten (10) business days following final approval of the Settlement by the Southern District of Ohio, unless otherwise specified in Exhibit A hereto. Any agreement to acquire the Company reached within twelve (12) months of the approval of the Settlement shall be conditioned on the acquirer's written agreement to maintain the Reforms set forth in the Exhibit A hereto, or functionally equivalent measures, for not less than twenty-four (24) months following the announcement of the acquisition.

4. **Board Resolution:** FirstEnergy shall acknowledge in the Settlement Agreement that the Board, including all of the non-defendant, independent directors, has approved a resolution reflecting their determination, in a good faith exercise of their business judgment that: (a) Plaintiffs' litigation and settlement efforts in the Actions are a primary factor in the Board's agreement to adopt, implement, and maintain the Reforms; (b) the Reforms confer substantial corporate benefits under Ohio law on the Company and its stockholders; and (c) the Settlement is fair, reasonable, and in the best interests of the Company and its stockholders.

5. **Settlement Documentation:** The Settling Parties will use their best efforts to draft, finalize, and execute the Settlement Agreement within thirty (30) calendar days of executing this Term Sheet. Subject to Paragraph 12, if, at the end of thirty (30) calendar days, the Settling Parties have not reached agreement on the terms of the Settlement Agreement, Plaintiffs, the SLC, and/or Defendants shall submit competing versions of the Settlement Agreement to the mediator, the Honorable Layn R. Phillips (Ret.) (the "Mediator"), for final determination of all open issues. Plaintiffs, the SLC and/or Defendants may each submit a letter of no more than 5 pages to the Mediator identifying the open issues and explaining why the language proposed by that Settling Party should be selected as final. The Mediator's determination on all such open issues shall be binding on all Settling Parties.

6. **Court Approval of Settlement:** The Settling Parties, through their counsel, agree to use their best efforts to pursue the completion, approval, and implementation of the Settlement as expeditiously as possible, and agree to cooperate in preparing all papers necessary to effectuate the Settlement. The Settlement will be presented to the Southern District of Ohio for approval. Within ten (10) business days of execution of the Settlement Agreement, the Southern District of Ohio Plaintiffs will file a motion in the Southern District of Ohio for preliminary approval of the Settlement, which motion shall be unopposed by any of the other Plaintiffs, Defendants, the Company, and the SLC.

7. **Stay of Proceedings:** Upon the execution of this Term Sheet, (i) the parties to the Southern District Action shall immediately jointly seek a stay of the proceedings in the

2

Southern District Action pending Court approval of the Settlement, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement; (ii) the parties to the Northern District Action shall immediately jointly seek a stay of the proceedings in the Northern District Action pending Court approval of the Settlement in the Southern District of Ohio; and (iii) the parties to the Ohio State Court Action shall immediately jointly seek a stay of the proceedings in the Ohio State Court Action pending Court approval of the Settlement in the Southern District of Ohio. The Settling Parties agree to work collaboratively and in good faith in jointly seeking the stay, including in seeking appellate relief if a joint motion for a stay is denied. The Settling Parties agree to work collaboratively and in good faith if any joint motion for a stay is denied or is pending while any other deadline is approaching or coming due, including but not limited to an agreement to continue or reschedule depositions unless expressly prohibited by judicial order. A denial of the joint stay motion by the Northern District of Ohio or the Ohio State Court is not grounds for any Settling Party to halt proceedings concerning approval of the Settlement in the Southern District Action.

**8.** **Dismissal of Northern District Action and Ohio State Court Action:** Within five (5) business days of final approval of the Settlement by the Southern District of Ohio, the parties to the Northern District Action and the parties to the Ohio State Court Action will jointly move to dismiss the Northern District Action and Ohio State Court Action, respectively. The Settling Parties agree to work collaboratively and in good faith in jointly seeking the dismissal, including in seeking appellate relief if a joint motion for dismissal is denied. A denial of the joint dismissal motion by the Northern District of Ohio or the Ohio State Court does not impact the Effective Date.

**9.** **Release by Plaintiffs, the Company, the SLC, and the Company's Stockholders:** Upon the Effective Date, Plaintiffs, the Company, the SLC, and the Company's stockholders shall fully, finally, and forever release, relinquish, settle, and discharge each and all of the Released Defendants' Persons (defined below) and shall forever be barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any court, tribunal or forum, asserting against the Released Defendants' Persons (defined as Defendants, any other individual named as a defendant in any complaint filed in any of the Actions, the Company, and any entity in which the Company has a controlling interest, as well as their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, committees, joint ventures, trustees, trusts, employees, immediate family members, heirs, insurers and reinsurers (in their capacities as such), consultants, experts, and attorneys (in their capacities as such)) any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, statutory, regulatory, common, foreign or other law or rule, that Plaintiffs, the Company, or the SLC (i) asserted in the operative complaints filed in the Actions (the "Complaints") or (ii) could have asserted on behalf of the Company that in any way are based on, arise from or relate to the allegations, transactions, facts, matters, disclosures or non-disclosures set forth in the Complaints, including but not limited to the conduct, actions, inactions, deliberations, votes, statements or representations of any Released Defendants' Person. For the avoidance of doubt, this release will not cover, include or release (i) any direct claims of Plaintiffs or any other FirstEnergy stockholder, including without limitation any claims asserted under the federal securities laws, including without limitation claims asserted in *In re FirstEnergy Corp. Sec. Litig.*, Case No. 20-cv-03785-ALM-KAJ (S.D. Ohio) (and all consolidated cases), or direct claims of Plaintiffs or any other FirstEnergy stockholder asserted

in any of the related actions or proceedings identified in Exhibit B hereto; (ii) any claims relating to the enforcement of the Settlement contemplated by this Term Sheet, and later delineated in the Settlement Agreement; or (iii) any claims of the Company to recoup compensation from Charles Jones, Michael Dowling, and Dennis Chack (which for avoidance of doubt Jones, Dowling, and Chack deny have any basis and reserve their right to oppose and defend against on any and all grounds available and to assert any related claims including, but not limited to, claims for compensation, pensions, deferred compensation, incentive compensation, equity and any and all benefits under any plan, program, arrangement or other vehicle, in which any of them participated, accrued benefits, or any other claim for benefits or compensation that is otherwise related to their employment with the Company, and further including any claims for wrongful termination and/or any and all claims relating thereto).  The Settlement will not be conditioned upon the obtaining of, or judicial approval of, any releases between or among any settling Defendants and/or any third parties.  The Settlement will not be conditioned upon the settlement, or the approval of the settlement, of any other lawsuits or claims.  This release shall have res judicata, collateral estoppel, and all other preclusive effects in all pending and future lawsuits, arbitrations, or other suits, actions, or proceedings involving any of the Released Defendants.

10. **Release by Defendants, the Company, and the SLC:**  Upon the Effective Date, Defendants, the Company, and the SLC shall fully, finally, and forever release, relinquish, settle, and discharge each and all of the Released Plaintiffs' Persons (defined below) and shall forever be barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any court, tribunal or forum, asserting against the Released Plaintiffs' Persons (defined as Plaintiffs, Plaintiffs' Counsel, and any entity in which any Plaintiff has a controlling interest, as well as their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, committees, joint ventures, trustees, trusts, employees, immediate family members, heirs, insurers and reinsurers (in their capacities as such), consultants, experts, and attorneys) all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Actions, except for claims relating to the enforcement of the Settlement.

11. **Notice of Settlement:**  The Company shall be responsible for providing notice of the Settlement.  The Company shall pay or cause to be paid all costs and expenses related to providing notice of the Settlement regardless of the form or manner of notice ordered by the Court and regardless of whether the Court approves the Settlement or the Effective Date of the Settlement otherwise fails to occur, and in no event shall Defendants, Plaintiffs or their respective attorneys be responsible for any such costs or expenses.  Notice shall be given as follows, subject to approval by the Court:  within five (5) business days after the entry of an order granting preliminary approval of the Settlement, the Company shall cause: (i) the publication of an agreed-upon short-form settlement notice once in *Investor's Business Daily* or similar publication; (ii) the posting of an agreed-upon long-form notice and the Settlement Agreement (including exhibits) on the "Investor Relations" portion of the Company's website; and (iii) the filing with the SEC of a Current Report on Form 8-K, attaching the long-form notice and the Settlement Agreement (including exhibits).

4

12.    **Plaintiffs' Counsel's Attorneys' Fees and Expenses:**    Defendants, the Company, and the SLC acknowledge that Plaintiffs' counsel are entitled to an award of attorneys' fees and expenses in connection with the Actions and the Settlement.  Counsel for Plaintiffs in the Actions and the Company shall, with the assistance of the Mediator as necessary, negotiate the total amount of attorneys' fees and expenses to be paid collectively to Plaintiffs' Counsel[1] from the Settlement Amount (the "Fee and Expense Amount") based upon the substantial benefits conferred upon the Company by the Settlement and the risks of undertaking the prosecution of the Actions on a contingent basis, subject to Court approval, after they have reached agreement upon the material terms of the Settlement, which terms and agreed Fee and Expense Amount shall be included in the Settlement Agreement.  Any dispute regarding such attorneys' fees and expenses shall not be cause not to finalize and execute the Settlement Agreement within the time period set forth in Paragraph 5.  If the parties are unable to reach agreement concerning such attorneys' fees and expenses, Defendants, the SLC and the Company may oppose the amount of any application for fees and expenses made by Co-Lead Counsel. The Fee and Expense Amount or such other amount of attorneys' fees and expenses as is awarded by the Court to Plaintiffs' Counsel (the "Fee and Expense Award") shall be payable to Plaintiffs' Counsel from the Settlement Amount immediately upon award by the Court, notwithstanding any collateral attacks on any aspect of the Settlement or any objections, appeals, or potential appeals of the Settlement or the Fee and Expense Award, subject to Plaintiffs' Counsel's obligations to make appropriate refunds if the Settlement is terminated pursuant to the terms of the Settlement Agreement or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed and such order reducing or reversing the award has become final and no longer subject to appeal. Resolution of any Fee and Expense Award is not a precondition to the Settlement or to the dismissal with prejudice of Defendants from the Actions.  The Court may consider and rule upon the fairness, reasonableness, and adequacy of the Settlement independently of any award of attorneys' fees and expenses.  Any disapproval or modification of any application for attorneys' fees and expenses by the Court or on appeal shall not affect or delay the enforceability of the Settlement, provide any Settling Party with the right to terminate the Settlement, impose any obligation on any Defendant or the Company, subject them in any way to an increase in the amount paid by them or on their behalf in connection with the Settlement or affect or delay the binding effect or finality of the Settlement and the releases by any Settling Party against Released Defendants' Persons.

13.    **Allocation of Fee and Expense Award:**  Plaintiffs' Counsel shall allocate the Fee and Expense Award among themselves.  Plaintiffs' Counsel agree that any disputes regarding the allocation of the Fee and Expense Award among them shall be presented to and be mediated by the Mediator, and if mediation is unsuccessful, decided on a final, binding, non-appealable basis by the Mediator, on the terms and subject to the processes and procedures set forth by the Mediator in his sole discretion.  The Mediator's fees and costs for any such mediation and/or arbitration shall be borne solely by Plaintiffs' Counsel and split evenly among Plaintiffs' Counsel.  In no event shall such allocation matters affect or delay the enforceability of the Settlement, provide any Settling Party with the right to terminate the Settlement, impose any obligation on any Defendant or the Company, subject them in any way to an increase in the amount paid by them or on their behalf in connection with the Settlement or affect or delay the

---

[1] Plaintiffs' Counsel includes all firms listed on the operative Complaints in the Actions.

binding effect or finality of the Settlement and the releases by any Settling Party against Released Defendants' Persons.

14. **Rule 11 Compliance:**  Defendants, the SLC, the Company, and Plaintiffs agree that, throughout the course of the Actions, all parties and their counsel each complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and all similar state law provisions including without limitation Ohio Civ.R. 11.  The proposed final judgment approving the Settlement in the Southern District Action will contain a statement to reflect compliance with Rule 11 of the Federal Rules of Civil Procedure by the parties to the Southern District Action.  The dismissal papers to be filed in the Northern District Action (in accordance with paragraph 8 above) will contain a similar statement reflecting compliance with Rule 11 of the Federal Rules of Civil Procedure by the parties to the Northern District Action and the dismissal papers to be filed in the Ohio State Court Action (in accordance with paragraph 8 above) will contain a statement reflecting compliance with Ohio Civ.R. 11 by the parties to the Ohio State Court Action.

15. **Confidentiality:**  Until such time as there is an executed Settlement Agreement, the terms of this Term Sheet shall remain confidential except that the Settling Parties may jointly provide notice to their respective courts that they have reached an agreement-in-principle to settle the Actions.  The Company may make such disclosures regarding the Settlement as it believes are required or advisable under the securities laws and disclosure requirements applicable to the Company.

16. **No Admission:**  Defendants deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever in the Actions.  Neither the Term Sheet, the Settlement Agreement, the Settlement or the negotiations leading to execution of the Term Sheet or the Settlement Agreement nor any proceedings taken pursuant to or in connection with the Term Sheet or the Settlement Agreement and/or approval of the Settlement shall be offered against any Defendant, the Company or any other of the Released Defendant Parties as evidence of any presumption, admission or concession by any Defendant, the Company or any other of the Released Defendant Parties of any fault, liability or wrongdoing of any kind or of any damages whatsoever.

17. **Governing Law:** This Term Sheet shall be governed by, construed, performed, and enforced in accordance with the laws of the State of Ohio, without regard to any state's principles, policies, or provisions governing choice of law.  The Settling Parties agree that the Settlement, and all matters relating to its enforcement, will be subject to the continuing jurisdiction of the Court.

18. **Authority:**  The undersigned counsel further represent and warrant that they have authority to enter into this binding Term Sheet on behalf of their respective clients, as set forth below, provided however that its terms remain subject to ratification and final approval by the Board of Trustees of the Employees Retirement System of the City of St. Louis.

IT IS HEREBY AGREED by the undersigned as of February 9, 2022.

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

Max W. Berger
Jeroen van Kwawegen
Alla Zayenchik
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Max@blbglaw.com
Jeroen@blbglaw.com
Alla.Zayenchik@blbglaw.com

*Co-Lead Counsel for Lead Plaintiffs in
Southern District Action and counsel for
Plaintiff-Intervenors in the Northern
District Action*

DEBEVOISE & PLIMPTON LLP

Maeve O'Connor
John Gleeson
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
mloconnor@debevoise.com
jgleeson@debevoise.com

*Counsel for the Special Litigation Committee
of the Board of Directors of Nominal
Defendant FirstEnergy Corp. and for
FirstEnergy Corp.*

SAXENA WHITE P.A.

Thomas Curry
Tayler D. Bolton
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 485-0480
tcurry@saxenawhite.com
tbolton@saxenawhite.com

-- and --

Maya Saxena
Joseph E. White, III
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

-- and --

Steven B. Singer
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
ssinger@saxenawhite.com
sdileo@saxenawhite.com

*Co-Lead Counsel for Lead Plaintiffs in
Southern District Action and counsel for
Plaintiff-Intervenors in the Northern District
Action*

JONES DAY

Geoffrey J. Ritts
Robert S. Faxon
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
gjritts@jonesday.com
rfaxon@jonesday.com

-- and --

Marjorie P. Duffy
Jordan M. Baumann
325 John H. McConnell Boulevard, Ste 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
mpduffy@jonesday.com
jbaumann@jonesday.com

*Attorneys for Defendants Michael J.
Anderson, Steven J. Demetriou, Julia L.
Johnson, Donald T. Misheff, Thomas N.
Mitchell, James F. O'Neil III, Christopher D.
Pappas, Sandra Pianalto, Luis A. Reyes,
Leslie M. Turner, Steven E. Strah, K. Jon
Taylor, Samuel L. Belcher, Bennett L.
Gaines, Christine L. Walker, Gary Benz,
Jason J. Lisowski, Irene M. Prezelj, Paul T.
Addison, Jerry Sue Thornton, William T.
Cottle, and George M. Smart*

SAXENA WHITE P.A.

_____

Thomas Curry
Tayler D. Bolton
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 485-0480
tcurry@saxenawhite.com
tbolton@saxenawhite.com

-- and --

Maya Saxena
Joseph E. White, III
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

-- and --

Steven B. Singer
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
ssinger@saxenawhite.com
sdileo@saxenawhite.com

*Co-Lead Counsel for Lead Plaintiffs in
Southern District Action and counsel for
Plaintiff-Intervenors in the Northern District
Action*

JONES DAY

_____

Geoffrey J. Ritts
Robert S. Faxon
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
gjritts@jonesday.com
rfaxon@jonesday.com

-- and --

Marjorie P. Duffy
Jordan M. Baumann
325 John H. McConnell Boulevard, Ste 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
mpduffy@jonesday.com
jbaumann@jonesday.com

*Attorneys for Defendants Michael J.
Anderson, Steven J. Demetriou, Julia L.
Johnson, Donald T. Misheff, Thomas N.
Mitchell, James F. O'Neil III, Christopher D.
Pappas, Sandra Pianalto, Luis A. Reyes,
Leslie M. Turner, Steven E. Strah, K. Jon
Taylor, Samuel L. Belcher, Bennett L.
Gaines, Christine L. Walker, Gary Benz,
Jason J. Lisowski, Irene M. Prezelj, Paul T.
Addison, Jerry Sue Thornton, William T.
Cottle, and George M. Smart*

COHEN MILSTEIN SELLERS
& TOLL PLLC

_Steven J. Toll_

Steven J. Toll
Daniel S. Sommers
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

-- and –

Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Counsel for Additional Plaintiff*
*Massachusetts Laborers Pension Fund in*
*Southern District Action and in the*
*Northern District Action*

EDELSON LECHTZIN LLP

Marc H. Edelson
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Phone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

*Counsel for Plaintiff Jennifer L. Miller in*
*the Northern District Action*

BAKER & HOSTETLER LLP

Daniel R. Warren
Carole S. Rendon
Douglas Shively
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
dwarren@bakerlaw.com
crendon@bakerlaw.com
dshively@bakerlaw.com

*Attorneys for Defendant Charles E. Jones*

TUCKER ELLIS LLP

John F. McCaffrey
John A. Favret
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com

*Attorneys for Defendant Michael J. Dowling*

9

COHEN MILSTEIN SELLERS
& TOLL PLLC

BAKER & HOSTETLER LLP

_____

Steven J. Toll
Daniel S. Sommers
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

-- and –

Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

_Counsel for Additional Plaintiff
Massachusetts Laborers Pension Fund in
Southern District Action and in the
Northern District Action_

_____

Daniel R. Warren
Carole S. Rendon
Douglas Shively
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
dwarren@bakerlaw.com
crendon@bakerlaw.com
dshively@bakerlaw.com

_Attorneys for Defendant Charles E. Jones_

EDELSON LECHTZIN LLP

TUCKER ELLIS LLP

_____

Marc H. Edelson
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Phone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

_Counsel for Plaintiff Jennifer L. Miller in
the Northern District Action_

_____

John F. McCaffrey
John A. Favret
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com

_Attorneys for Defendant Michael J. Dowling_

COHEN MILSTEIN SELLERS
& TOLL PLLC

_____

Steven J. Toll
Daniel S. Sommers
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

-- and –

Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Counsel for Additional Plaintiff*
*Massachusetts Laborers Pension Fund in*
*Southern District Action and in the*
*Northern District Action*

EDELSON LECHTZIN LLP

_____

Marc H. Edelson
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Phone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

*Counsel for Plaintiff Jennifer L. Miller in*
*the Northern District Action*

BAKER & HOSTETLER LLP

_____

Daniel R. Warren
Carole S. Rendon
Douglas Shively
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
dwarren@bakerlaw.com
crendon@bakerlaw.com
dshively@bakerlaw.com

William S. Scherman
Jason J. Mendro
Jason R. Meltzer
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
wscherman@gibsondunn.com
jmendro@gibsondunn.com
jmeltzer@gibsondunn.com

*Attorneys for Defendant Charles E. Jones*

TUCKER ELLIS LLP

_____

John F. McCaffrey
John A. Favret
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.mccaffrey@tuckerellis.com
 john.favret@tuckerellis.com

*Attorneys for Defendant Michael J. Dowling*

COHEN MILSTEIN SELLERS
& TOLL PLLC

Steven J. Toll
Daniel S. Sommers
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

-- and –

Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Counsel for Additional Plaintiff*
*Massachusetts Laborers Pension Fund in*
*Southern District Action and in the*
*Northern District Action*

EDELSON LECHTZIN LLP

Marc H. Edelson
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Phone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

*Counsel for Plaintiff Jennifer L. Miller in*
*the Northern District Action*

BAKER & HOSTETLER LLP

Daniel R. Warren
Carole S. Rendon
Douglas Shively
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
dwarren@bakerlaw.com
crendon@bakerlaw.com
dshively@bakerlaw.com

William S. Scherman
Jason J. Mendro
Jason R. Meltzer
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
wscherman@gibsondunn.com
jmendro@gibsondunn.com
jmeltzer@gibsondunn.com

*Attorneys for Defendant Charles E. Jones*

TUCKER ELLIS LLP

John F. McCaffrey
John A. Favret
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com

*Attorneys for Defendant Michael J. Dowling*

9

JOHNSON FISTEL, LLP

_____
Michael I. Fistel, Jr.
Mary Ellen Conner
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com
MaryEllenC@johnsonfistel.com

-- and --

Frank J. Johnson
40 Powder Springs Street
Marietta, GA 30064
Telephone: (619) 230-0063
FrankJ@johnsonfistel.com

*Co-Lead Counsel for Ohio State Court
Plaintiffs John Gendrich and Robert Sloan*

CONNICK LAW, LLC
Thomas J. Connick
25550 Chagrin Blvd., Suite 101
Beachwood, OH 44122
Phone: (216) 364-0512
Facsimile: (216) 609-3446
tconnick@connicklawllc.com

*Co-Lead Counsel for State Court Plaintiffs
John Gendrich and Robert Sloan*

LAW OFFICE OF GEORGE W.
COCHRAN
George W. Cochran
1981 Crossfield Circle
Kent, OH 44240
Phone: (330) 607-2187
Facsimile: (330) 230-6136
lawchrist@gmail.com

*Additional Counsel for State Court
Plaintiffs John Gendrich and Robert Sloan*

SKADDEN, ARPS, SLATE, MEAGHER,
   FLOM, LLP

_____
Marcella L. Lape
Gail Lee
155 N. Upper Wacker Drive
Chicago, IL 60606-1720
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
marcie.lape@skadden.com
gail.lee@skadden.com
*Attorneys for Defendant Ebony Yeboah-
Amankwah*

MCDERMOTT, WILL, & EMERY, LLP

_____
Steven S. Scholes
David S. Rosenbloom
Paul Helms
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
sscholes@mwe.com
drosenbloom@mwe.com
phelms@mwe.com

*Attorneys for Defendant Robert P. Reffner*

JOHNSON FISTEL, LLP

_____

Michael I. Fistel, Jr.
Mary Ellen Conner
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com
MaryEllenC@johnsonfistel.com

-- and --

Frank J. Johnson
40 Powder Springs Street
Marietta, GA 30064
Telephone: (619) 230-0063
FrankJ@johnsonfistel.com

*Co-Lead Counsel for Ohio State Court
Plaintiffs John Gendrich and Robert Sloan*

CONNICK LAW, LLC
Thomas J. Connick
25550 Chagrin Blvd., Suite 101
Beachwood, OH 44122
Phone: (216) 364-0512
Facsimile: (216) 609-3446
tconnick@connicklawllc.com

*Co-Lead Counsel for State Court Plaintiffs
John Gendrich and Robert Sloan*

LAW OFFICE OF GEORGE W.
COCHRAN
George W. Cochran
1981 Crossfield Circle
Kent, OH 44240
Phone: (330) 607-2187
Facsimile: (330) 230-6136
lawchrist@gmail.com

*Additional Counsel for State Court
Plaintiffs John Gendrich and Robert Sloan*

SKADDEN, ARPS, SLATE, MEAGHER,
FLOM, LLP

_____

Marcella L. Lape
Gail Lee
155 N. Upper Wacker Drive
Chicago, IL 60606-1720
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
marcie.lape@skadden.com
gail.lee@skadden.com
*Attorneys for Defendant Ebony Yeboah-
Amankwah*

MCDERMOTT, WILL, & EMERY, LLP

_____

Steven S. Scholes
David S. Rosenbloom
Paul Helms
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
sscholes@mwe.com
drosenbloom@mwe.com
phelms@mwe.com

*Attorneys for Defendant Robert P. Reffner*

JOHNSON FISTEL, LLP

_____

Michael I. Fistel, Jr.
Mary Ellen Conner
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com
MaryEllenC@johnsonfistel.com

-- and --

Frank J. Johnson
40 Powder Springs Street
Marietta, GA 30064
Telephone: (619) 230-0063
FrankJ@johnsonfistel.com

*Co-Lead Counsel for Ohio State Court*
*Plaintiffs John Gendrich and Robert Sloan*

CONNICK LAW, LLC
Thomas J. Connick
25550 Chagrin Blvd., Suite 101
Beachwood, OH 44122
Phone: (216) 364-0512
Facsimile: (216) 609-3446
tconnick@connicklawllc.com

*Co-Lead Counsel for State Court Plaintiffs*
*John Gendrich and Robert Sloan*

LAW OFFICE OF GEORGE W.
COCHRAN
George W. Cochran
1981 Crossfield Circle
Kent, OH 44240
Phone: (330) 607-2187
Facsimile: (330) 230-6136
lawchrist@gmail.com

*Additional Counsel for State Court*
*Plaintiffs John Gendrich and Robert Sloan*

SKADDEN, ARPS, SLATE, MEAGHER,
FLOM, LLP

_____

Marcella L. Lape
Gail Lee
155 N. Upper Wacker Drive
Chicago, IL 60606-1720
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
marcie.lape@skadden.com
gail.lee@skadden.com
*Attorneys for Defendant Ebony Yeboah-*
*Amankwah*

MCDERMOTT, WILL, & EMERY, LLP

_____

Steven S. Scholes
David S. Rosenbloom
Paul Helms
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
sscholes@mwe.com
drosenbloom@mwe.com
phelms@mwe.com

*Attorneys for Defendant Robert P. Reffner*

10

BALLARD SPAHR LLP

_____
Jeremy R. Teaberry
Timothy D. Katsiff
David L. Axelrod
Emilia McKee Vassallo
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
teaberryj@ballardspahr.com
katsifft@ballardspahr.com
axelrodd@ballardspahr.com
mckeevassalloe@ballardspahr.com

*Attorneys for Defendant James F. Pearson*


MORGAN, LEWIS & BOCKIUS


_____
Laura Hughes McNally
Michael L. Kichline
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
laura.mcnally@morganlewis.com
michael.kichline@morganlewis.com

*Attorneys for Defendant Dennis M. Chack*

11

BALLARD SPAHR LLP

_____

Jeremy R. Teaberry
Timothy D. Katsiff
David L. Axelrod
Emilia McKee Vassallo
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
teaberryj@ballardspahr.com
katsifft@ballardspahr.com
axelrodd@ballardspahr.com
mckeevassalloe@ballardspahr.com

*Attorneys for Defendant James F. Pearson*

MORGAN, LEWIS & BOCKIUS

_____

Laura Hughes McNally
Michael L. Kichline
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
laura.mcnally@morganlewis.com
michael.kichline@morganlewis.com

*Attorneys for Defendant Dennis M. Chack*

11

BOIES SCHILLER FLEXNER LLP

*Lauren Bell*
_____

Lauren Bell
1401 New York Avenue, NW
11th Floor
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
lbell@bsfllp.com

*Attorney for Defendant Eileen Mikkelsen*


WALTER | HAVERFIELD LLP


_____

Ralph E. Cascarilla
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114
Telephone: (216) 781-1212
Facsimile: (216) 575-0911
rcascarilla@walterhav.com

*Attorneys for Defendant Justin Biltz*

12

BOIES SCHILLER FLEXNER LLP


_____
Lauren Bell
1401 New York Avenue, NW
11th Floor
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
lbell@bsfllp.com

*Attorney for Defendant Eileen Mikkelsen*


WALTER | HAVERFIELD LLP

*Ralph E. Cascarilla*
_____
Ralph E. Cascarilla
1301 E. Ninth Street, Suite 3500
Cleveland, OH  44114
Telephone: (216) 781-1212
Facsimile: (216) 575-0911
rcascarilla@walterhav.com

*Attorneys for Defendant Justin Biltz*

## Exhibit A:  Corporate Governance Reforms Term Sheet

**1.**     As part of the Settlement, six directors who have been on the Board a minimum of five years will not stand for re-election.

**2.**     As part of the Settlement, the Board agrees to implement a process to review the current c-suite executives.  This process must be commenced within 30 days after the next annual meeting when new directors are elected to the Board.  The review must be completed no more than 90 days after the commencement date.  The review will be conducted by a special committee consisting of independent directors who were appointed on or after 2019 and will include at least three members.  The special committee will have the power to retain, at the Company's expense, outside advisors if the special committee deems outside advisors necessary.  The special committee will make a recommendation to the full Board, which retains the authority to make the final determinations in executive session, outside the presence of any officers.

**3.**     As part of the Settlement, the full Board takes responsibility for actively overseeing FirstEnergy's lobbying and political activities as a critical aspect of FirstEnergy's business.

- Adding specific language to Board and committee charters making this clear.

- On a periodic basis, management prepares a political and lobbying action plan (covering all such activities on a state and federal level).

- The full Board reviews and approves the political and lobbying action plan.

**4.**     As part of the Settlement, a committee of the Board consisting of a majority of independent directors who joined the Board in 2019 or later oversees the implementation of the Board-approved action plan referred to in paragraph 3.

- Will not be the Audit Committee.

- The Chief Legal Officer and Chief Ethics & Compliance Officer have direct access to the committee.

- The Chief Legal Officer and Chief Ethics & Compliance Officer, together with senior executives directly responsible for implementing the plan, report to the committee on a quarterly basis.

- The committee reports its findings to the full Board on a quarterly basis.

- The committee retains an independent third party to audit the implementation of the Board-approved political and lobbying action plan, which shall continue to conduct annual audits of the implementation of the plan to ensure compliance.  Violation or instances of non-compliance with the approved plan is immediately reported to the full Board for immediate investigation/remediation overseen by the committee.

**5.**     As part of the Settlement, enhanced disclosure to shareholders of political and lobbying activities.

- Proxy includes political spending and lobbying activities disclosures required by Section 5(D) of the DPA.

- Proxy includes a report from third party that audits implementation of the Board-approved political and lobbying action plan disclosing the number of violations and issues of non-compliance with the law or the Board-approved plan, and the date(s) each issue was reported to the full Board.

**6.**     As part of the Settlement, further align financial incentives of senior executives with proactively complying with legal and ethical obligations.

- Majority of Compensation Committee to consist of directors who joined the Board in 2019 or later.

- Compensation Committee to create a claw back system for senior executive compensation.

  - System will provide for the Compensation Committee to review and determine whether a clawback is appropriate for alleged misconduct.

  - Include in senior executive employment agreement; applied to stock-based compensation and bonuses (not to base).

  - Arbitration provision in case of dispute.

**Exhibit B**

- *In re FirstEnergy Corp. Sec. Litig.*, Case No. 20-cv-03785-ALM-KAJ (S.D. Ohio) (and all consolidated cases)
- *Buldas v. FirstEnergy Corp.*, Case No. 2:20-cv-03987 (S.D. Ohio) (and all consolidated cases)
- *USA v. Householder*, Case No. 1:20-cr-00077 (S.D. Ohio)
- *USA v. FirstEnergy Corp.*, Case No. 1:21-cr-00086 (S.D. Ohio)
- *In the Matter of FirstEnergy Corp.*, C-08716, SEC
- In the Matter of an Audit of the Affiliated Transactions between Jersey Central Power and Light Company, First Energy Corp. and its Affiliates Pursuant to N.J.S.A. 48:3-49, 48:3 55, 48:3-56, 48:3-58 and N.J.A.C. 14:4-3.7(e) and (f), Docket No. EA20110733
- *State of Ohio ex rel. Dave Yost v. FirstEnergy Corp., et al.*, Case No. 20-CV-006281 (Franklin County Ct. Com. Pl.) (and all consolidated cases)
- *Emmons, et al. v. FirstEnergy Corp., et al.*, Case No. CV-20-935557 (Cuyahoga County Ct. Com. Pl.)
- *Smith, et al. v. FirstEnergy Corp., et al.*, Case No. 2:20-cv-03755-EAS-KAJ (S.D. Ohio) (and all consolidated cases)