UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer Miller, | ) | CASE NO: 5:20CV1743 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Michael J. Anderson, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the parties' joint motion to stay these proceedings while they seek approval of a settlement before the Southern District of Ohio in Case Number 2:20-cv-4813. For the reasons stated below, the motion is denied without prejudice.

The parties have reached a proposed settlement agreement despite the following:

▪ **incomplete written discovery**

▪ **no testimony under oath from any Defendant or other witness**

▪ **incomplete privilege logs detailing withheld documentation**

▪ **an incomplete forensic examination to identify possible missing communications contained on Defendant Charles Jones' personal electronic devices and**

▪ **an inadequate period to review and analyze the documents that were provided.**

With that background, the parties appear to intend to engage in forum shopping and seek approval of their settlement only from the Southern District of Ohio. It is entirely unclear why the Southern District is the appropriate forum to seek approval given the fact that this matter was filed on August 7, 2020, and the Southern District derivative action noted by the parties was **later filed** on September 9, 2020. The ancillary state court proceedings are also located in the Summit County Court of Common Pleas – here in the Northern District of Ohio. Moreover, Akron serves as the situs of FirstEnergy's corporate headquarters. Finally, when counsel for the shareholders was asked whether the mediation would include the Southern District of Ohio case, he responded: "Your Honor, the answer is yes and no. The mediation is independent of the Southern District or the Northern District. *But it was always our intent to do this in connection with Your Honor*, okay." Doc. 235 at 29 (emphasis added).

It is this Court's duty to review relevant factors related to the settlement including the likelihood of success on the merits, the diligence of counsel in pursuing the claims, the risk associated with the expense and complexity of litigation, and the objections raised by shareholders. *Granada Investments, Inc v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *see also Cortese v. Radian Grp. Inc.*, No. CIV. A. 07-3375, 2008 WL 269473, at *7 (E.D. Pa. Jan. 30, 2008)(detailing a review of counsel's actions when evaluating a settlement). Accordingly, the parties are ordered to provide the following information via a public filing with this Court that would allow for such review:

1) **The total amount of the available insurance funds at the time settlement was reached;**

2) The allocation of damages amongst the Defendants and the factual basis used to establish such allocation;

3) The names of the Directors chosen to not run for re-election and the factual basis used to choose those persons;

4) The extent of information withheld from discovery based upon claims of privilege and whether full privilege logs have been provided;

5) The precise nature and extent of the governance reforms, including who will oversee and monitor the implementation of the reforms;

6) Whether prior to the mediation, Plaintiffs were able to identify any individuals that gave and/or received bribes and/or the payments detailed in the Deferred Prosecution Agreement;[1]

7) Whether the parties' agreement includes any provisions to "claw back" profits from alleged wrongdoers identified through discovery, and if not, why not;

8) Whether the forensic examination of Defendant Charles Jones' personal electronic devices has been completed, and if so, what it revealed;

9) The extent and details of any conclusions reached by the Special Litigation Committee pursuant to its independent review of the facts surrounding this litigation;

10) The legal basis for seeking approval of the proposed settlement in a later-filed action rather than this first-filed action; and

---

[1] Plaintiffs have repeatedly touted the Deferred Prosecution Agreement as a valuable source of admissions.

4

**11) Any and all contacts with the Southern District, formal or informal, in which the parties discussed their chosen methodology for seeking settlement approval.**

The parties shall submit the above information by no later than February 22, 2022.  Within their motion to stay, the parties note: "Counsel are available to discuss the Settlement and this request with the Court at the Court's convenience should the Court have any questions."  As the Court has detailed its concerns above, an in-person hearing for all counsel is scheduled for March 9, 2022 at 2:00 p.m. in Courtroom 575, 2 South Main St., Akron, OH 44308.

IT IS SO ORDERED.


February 11, 2022                              /s/ Judge John R. Adams
Date                                       JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT