IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| JENNIFER L. MILLER, *et. al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MICHAEL J. ANDERSON, *et. al.*, <br><br> *Defendants*, <br><br> and <br><br> FIRSTENERGY CORP., <br><br> *Nominal Defendant.* | No. 5:20-cv-1743-JRA <br><br> Judge John R. Adams |

**RESPONSE OF THE SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS OF NOMINAL DEFENDANT FIRSTENERGY CORP. TO THE COURT'S ORDER OF FEBRUARY 11, 2022**

The Special Litigation Committee ("SLC") of the Board of Directors of FirstEnergy Corp. ("FirstEnergy" or the "Company"), by and through their undersigned counsel, submit this response to the Court's February 11, 2022 order seeking additional information regarding the proposed settlement reached to resolve this action.[1]

---

[1] The SLC provides this response without waiver of attorney-client privilege, work product protection or the privilege for statements made by any party in furtherance of settlement. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003).

1. *The total amount of the available insurance funds at the time settlement was reached:* At the time the settlement was reached, approximately $220 million in insurance coverage was available to cover claims against the Company's officers and directors, subject to the terms and conditions of the applicable policies.

2. *The allocation of damages amongst the Defendants and the factual basis used to establish such allocation*: No allocation of damages was determined in connection with the proposed settlement.

3. *The names of the Directors chosen to not run for re-election and the factual basis used to choose those persons*: As described in the parties' joint motion to stay filed February 10, 2022 (the "Motion to Stay") and attached term sheet (ECF Dkt. 273-1), six directors who have been on the Board a minimum of five years will not stand for re-election. The individuals who will not stand for reelection were disclosed in a Form 8-K filed by the Company with the SEC on February 11, 2022, which states that: "the Company anticipates that the following current members of the Board will not stand for re-election at the 2022 Annual Meeting: Messers. Michael J. Anderson, Donald T. Misheff's, Thomas N. Mitchell, Christopher D. Pappas and Luis A. Reyes, and Ms. Julia L. Johnson." All other details regarding the parties' negotiations on this and other aspects of the settlement are protected by meditation and settlement privileges, and are further protected under the confidentiality agreement entered into by the parties in connection with the mediation.

4. *The extent of information withheld from discovery based upon claims of privilege and whether full privilege logs have been provided*: The Company, in its role as nominal defendant, has completed production of privilege logs.

5. *The precise nature and extent of the governance reforms, including who will oversee and monitor the implementation of the reforms*: The governance reforms agreed upon and the method in which they will be monitored are described in the term sheet attached to the Motion to Stay filed with this Court (ECF Dkt. 273-1).

6. *Whether prior to the mediation, Plaintiffs were able to identify any individuals that gave and/or received bribes and/or the payments detailed in the Deferred Prosecution Agreement*: N/A

7. *Whether the parties' agreement includes any provisions to "claw back" profits from alleged wrongdoers identified through discovery, and if not, why not*: As specified in the term sheet attached to the Motion to Stay (ECF Dkt. 273-1), the proposed settlement does not release any claims by the Company to recoup compensation from Defendants Jones, Chack and Dowling.

8. *Whether the forensic examination of Defendant Charles Jones' personal electronic devices has been completed, and if so, what it revealed*: N/A

9. *The extent and details of any conclusions reached by the Special Litigation Committee pursuant to its independent review of the facts surrounding this litigation*: The details of the SLC's review are protected by the attorney-client privilege. All other details

regarding the settlement, its negotiation, and the SLC's participation therein are protected by meditation and settlement privileges, and are further protected under the confidentiality agreement entered into by the parties in connection with the mediation.

10. *The legal basis for seeking approval of the proposed settlement in a later-filed action rather than this first-filed action*: The SLC agreed that the motion for approval of the proposed settlement will be submitted in the Southern District of Ohio action because Plaintiffs' counsel were previously appointed lead counsel in that action.

11. *Any and all contacts with the Southern District, formal or informal, in which the parties discussed their chosen methodology for seeking settlement approval*: None.

Dated: February 22, 2022

OF COUNSEL:

Kerin Lyn Kaminski, Esq. (0013522)
Kathleen A. Nitshke, Esq. (0073397)
GIFFEN & KAMINSKI, LLC
1300 E. 9th St. #1600
Cleveland, OH 44114
(216) 621-5161 (phone)
kkaminski@thinkgk.com
knitschke@thinkgk.com

*Attorneys for the Special Litigation Committee of the Board of Directors of Nominal Defendant FirstEnergy Corp.*

Respectfully Submitted

/s/ Susan Gittes
Susan Gittes
Maeve O'Connor
John Gleeson
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000 (phone)
(212) 909-6836 (fax)
mloconnor@debevoise.com
jgleeson@debevoise.com
srgittes@debevoise.com
*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing, which will notify all counsel of record.

          */s/ Susan Gittes*
          Susan Gittes *Admitted Pro Hac Vice*

          *Attorney for the Special Litigation*
          *Committee of the Board of Directors of*
          *Nominal Defendant FirstEnergy Corp*