UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer L. Miller, et al., | ) | CASE NO. 5:20CV1743 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| Michael J. Anderson, et al., | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

On March 9, 2022, the Court conducted a status conference in response to the parties' invitation to answer any questions or concerns the Court may have had following their notice that a settlement had been reached. Following preliminary remarks, the Court asked Plaintiffs' counsel, "who is it that paid the bribes?" Doc. 280 at 11. Counsel responded:

> Well, Your Honor, with due respect, there is no pending motion for settlement approval before this Court. And therefore, and in addition to that, because we used this information that we learned through discovery, subject to a confidentiality order, as part of settlement negotiations and part of a mediation, I cannot give you a direct answer to the question of who at FirstEnergy did what.

Doc. 280 at 11-12. Upon further inquiry, counsel reiterated:

> And Your Honor, what I'm trying to say is I'm trying to give you the best possible answer within the limitations that I face with respect to the settlement, with respect to the mediation privilege, and my obligations to my client.

Doc. 280 at 13. The Court informed counsel that "none of those things preclude you from answering my question." Doc. 280 at 13. The Court then again directly asked: "Well, why can't you disclose it to me, counsel?" Counsel responded: "Because that is subject to the mediation privilege." Doc. 280 at 15. Given counsel's steadfast refusal to answer even the most basic questions about what discovery revealed, the Court adjourned the hearing.

Generally, settlement discussions are protected from disclosure by Federal Rule of Evidence 408. However, "the Rule cannot be read to protect pre-existing information simply because it was presented to the adversary in compromise negotiations." 2006 Amendment Notes, Fed. R. Evid. 408. The precise scope of the federal mediation privilege that has evolved from Rule 408 has not been defined. *See Molina v. Lexmark Int'l, Inc.*, No. CV0804796MMMFMX, 2008 WL 4447678, at *25 (C.D. Cal. Sept. 30, 2008) (noting lack of clarity in scope of federal mediation privilege). Several courts have agreed that the federal mediation privilege protects only communications made in direct connection with a formal mediation. *See e.g., In re RDM Sports Grp., Inc.*, 277 B.R. 415, 431 (Bankr. N.D. Ga. 2002)(holding that federal mediation privilege applied "only [to] those communications made to the mediator, between the parties during the mediation, or in preparation for the mediation"); *Sheldone v. Pa. Tpk. Comm'n*, 104 F. Supp. 2d 511, 515 (W.D. Pa. 2000)(holding that mediation privilege protects "'all written and oral communications made in connection with or during' a mediation conducted before a 'neutral' mediator," but declining to exhaustively elaborate on scope (quoting W.D. Pa. L.R. 16.3.5(E), 16.3.1)); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1179-80 (C.D. Cal. 1998)(holding that federal mediation privilege applies to "all communications made in conjunction with a formal mediation," and specifying that privilege did not apply to "[s]ubsequent negotiations between the parties ... even if they include information

initially disclosed in the mediation."). While the exact scope of the privilege has not been defined, federal courts appear to unanimously agree on the limitations of the privilege:

> The mediation privilege should operate to protect only those communications made to the mediator, between the parties during the mediation, or in preparation for the mediation. Therefore, the mediation privilege does not apply to shelter from disclosure documents prepared prior to the mediation, merely because those documents were presented to the mediator during the course of the mediation.

*In re RDM Sports Grp., Inc.*, 277 B.R. at 431. In other words, "[m]aterial that existed prior to the [mediation] that was produced during the [mediation] is not precluded from discovery simple because it was produced during those proceedings." *New Jersey Dep't of Env't Prot. v. Am. Thermoplastics Corp.*, No. 98CV4781WHWCLW, 2017 WL 498710, at *4 (D.N.J. Feb. 7, 2017).[1]

In his refusal to respond to the Court's question, Plaintiffs' counsel noted that "we learned about certain facts *in discovery.*" Doc. 280 at 9 (emphasis added). Counsel continued that Plaintiffs "used *that discovery* as part of a mediation." Doc. 280 at 10 (emphasis added). Later, counsel again reiterated: "we used this information *that we learned through discovery*, subject to a confidentiality order, as part of settlement negotiations and part of a mediation[.]" Doc. 280 at 12 (emphasis added). Accordingly, on its face, it appears that counsel has attempted to invoke the mediation privilege in precisely the manner that Courts have declined to permit.

By no later than 12:00 p.m. on March 16, 2022, Plaintiffs or any other interested party shall brief the issue of whether information learned through discovery can be shielded by the mediation privilege as asserted during the Court's March 9, 2022 hearing. If following review, the Court concludes that there were not good grounds to assert the privilege, counsel will then be

---

[1] While this Court did not refer the matter to mediation, the District's local rules regarding the confidentiality contemplate the same scope of confidentiality. Local Rule 16.6(h) provides: "The entire mediation process is confidential and privileged to the extent provided under Ohio Rev. Code ch. 2710 and Sixth Circuit Law." In turn, the Southern District has noted: "Ohio Rev. Code § 2710.03(C) serves only to *prevent parties from immunizing* from admissibility documents or other evidence by utilizing this evidence during the mediation. *Soc'y of Lloyd's v. Moore*, No. 1:06-CV-286, 2006 WL 3167735, at *4 (S.D. Ohio Nov. 1, 2006)(emphasis added).

given the opportunity to answer the Court's relevant questions and inquiries. A subsequent failure to respond may result in sanctions, up to and including the removal of Plaintiffs' counsel as counsel for the shareholders, for failure to comply with the Court's lawful order to disclose information.

       IT IS SO ORDERED.

Dated: March 11, 2022                            */s/ John R. Adams*
                                                              JOHN R. ADAMS
                                                               UNITED STATES DISTRICT JUDGE