IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JENNIFER L. MILLER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ANDERSON, *et al.*, ) | Judge John R. Adams |
| ) | |
| Defendants, ) | Case No. 5:20-cv-01743-JRA |
| ) | |
| and ) | |
| ) | |
| FIRSTENERGY CORP., ) | |
| ) | |
| Nominal Defendant. ) | |

### AFFIDAVIT OF JEROEN VAN KWAWEGEN AND THOMAS CURRY

Jeroen van Kwawegen and Thomas Curry, being duly sworn, hereby state as follows:

1. We are counsel to the Intervenor-Plaintiffs in the above-captioned Action and, on behalf of all plaintiffs' counsel, submit this Affidavit in response to the Court's Order of March 22, 2022 (the "Order," ECF No. 290), which directed counsel to "answer under oath, via affidavit, the Court's question by naming the individuals who paid the bribes in this matter[.]" *Id.* at 9.

2. FirstEnergy Corp. ("FirstEnergy" or the "Company") admitted in its July 20, 2021 Deferred Prosecution Agreement with the Department of Justice (the "DPA") that it "conspired . . . to pay millions of dollars to and for the benefit of public officials in exchange for specific official action for FirstEnergy Corp.'s benefit." DPA at 17.

3. Plaintiffs received substantial discovery concerning the payments described in the DPA during the discovery process following orders issued in the parallel consolidated shareholder derivative action pending in the Southern District of Ohio.

4. Plaintiffs' counsel believe that the discovery received would have shown at trial that two senior executives of FirstEnergy devised and orchestrated FirstEnergy's payments to public officials in exchange for favorable legislation and regulatory action:

- Defendant Charles E. Jones, who was FirstEnergy's Chief Executive Officer and a director at the time of the scheme and has since been terminated by the Company; and
- Defendant Michael J. Dowling, who was FirstEnergy's Senior Vice President for External Affairs at the time of the scheme and has since been terminated by the Company.

5. Based on the discovery, Plaintiffs' counsel understand that Defendant Jones is the individual identified in the DPA as "Executive 1" and that Defendant Dowling is the individual identified in the DPA as "Executive 2." The DPA describes Executive 1's and Executive 2's central roles in the events giving rise to this litigation.

6. Defendants Jones and Dowling have vehemently denied acting improperly, and neither Jones nor Dowling have been charged by the Department of Justice.

7. We declare under penalty of perjury that the foregoing facts are true and correct.

Dated: March 23, 2022

                                              Jeroen van Kwawegen
                                              **BERNSTEIN LITOWITZ BERGER**
                                                       **& GROSSMANN LLP**
                                              1251 Avenue of the Americas
                                              New York, NY 10020
                                              Phone: (212) 554-1400
                                              jeroen@blbglaw.com

SWORN TO AND SUBSCRIBED BEFORE me in the State of New York, this 23rd day of March, 2022

_/s/ Laura Marioni_

```
LAURA MARIONI
Notary Public - State of New York
NO. 01MA6043496
Qualified in Queens County
My Commission Expires 6/3/2022
```


_/s/ Thomas Curry_

Thomas Curry
**SAXENA WHITE P.A.**
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 485-0480
tcurry@saxenawhite.com

SWORN TO AND SUBSCRIBED BEFORE me in the State of Delaware this 23rd day of March, 2022

_/s/ Tayler Bolton_

Tayler D. Bolton
Attorney-at-Law
Notary per 29 Del. C. § 4323(a)(3)