UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer L. Miller, | ) | CASE NO. 5:20CV1743 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| Michael J. Anderson, et al., | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

On November 9, 2021, this Court issued its case management plan.  The plan called for paper discovery to immediately commence to allow for deposition practice to begin in February 2022.  Consistent with that plan, deposition practice was scheduled to conclude by no later than May 1, 2022.  On February 10, 2022, the day before the first deposition in this matter was set to take place, the parties jointly moved to stay this matter.  The Court denied that motion without prejudice on the follow day, February 11, 2022.

To the extent that the motion was renewed in other filings by the party, the Court orally denied such a motion during the March 9, 2022 hearing and further denied any renewed motion in writing on March 24, 2022.  On May 9, 2022, the parties filed status reports.   Despite the

Court's denial of the motion to stay, the parties' status reports indicated that no discovery was being conducted and that no discovery was scheduled to be conducted.[1]

The Court would also note that the preliminary approval of a settlement the parties purportedly reached via mediation also serves as no impediment to the prosecution of this action. In that regard, my Southern District of Ohio colleague included the following in his preliminary approval:

> In one respect, the Court will deviate from the parties' requested approval. The parties seek "a customary prosecution bar enjoining Plaintiffs, FirstEnergy, or anyone else from commencing or prosecuting any other action asserting any of the claims alleged in this Action—including the Northern District Action and the State Court Action—pending this Court's determination as to whether final approval should be granted." (ECF No. 170 at 26). However, the parties do not identify the authority by which this Court could stay related cases in co-equal courts of competent jurisdiction. Nor is it an obvious proposition, in this unique posture. Therefore, the prosecution bar will apply only to this case and to others not yet commenced; it will not extend to the pending Northern District and State Court Actions. If the parties wish to stay the other active cases, they may move in those respective courts. Alternatively, they may file a motion to alter or amend this Order, identifying the specific authority by which one court might enter a global prosecution bar over the objections of another court.

*Employee Retirement System of the City of St. Louis v. Jones*, Case No. 2:20CV4813, ECF 176 at 5. While the above order was issued on May 9, 2022, the parties have not returned to this Court or to the Southern District to offer any authority that would permit this matter to be stayed by a judge in another district.

Accordingly, by all appearances, the parties are no longer actively litigating the case before this Court despite the absence of any stay. As such, the parties are ordered to show cause why the Court should not appoint counsel that will fully and fairly litigate this derivative matter

---

[1] The Court notes that on February 18, 2022, while overseeing parallel litigations, the Southern District of Ohio indicated that its stay "shall not be interpreted to stay the case presently before Judge Adams in the Northern District of Ohio captioned *Miller v. Anderson*, Case No. 5:20-cv-1743-JRA." *Employee Retirement System of the City of St. Louis v. Jones*, Case No. 2:20CV4813, ECF 169 at 1.

on behalf of FirstEnergy. The parties' show cause responses shall be filed no later than June 10, 2022 by 12:00 p.m.

   IT IS SO ORDERED.


Dated: June 2, 2022            */s/ John R. Adams*
                       JOHN R. ADAMS
                       UNITED STATES DISTRICT JUDGE