IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JENNIFER L. MILLER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ANDERSON, *et al.*, | ) | Judge John R. Adams |
| | ) | |
| Defendants, | ) | Case No. 5:20-cv-01743-JRA |
| | ) | |
| and | ) | |
| | ) | |
| FIRSTENERGY CORP., | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**PLAINTIFF AND INTERVENOR-PLAINTIFFS'
RESPONSE TO THE COURT'S JUNE 2, 2022 ORDER**

Plaintiff Jennifer L. Miller ("Miller") and the Intervenor-Plaintiffs Employees Retirement System of the City of St. Louis, Electrical Workers Pension Fund, Local 103, and Massachusetts Laborers Pension Fund (together "Intervenors" and collectively with Miller, "Plaintiffs"), hereby respond to the Court's Order of June 2, 2022 (ECF No. 316, the "Order"), wherein the Court ordered the parties to "show cause why the Court should not appoint counsel that will fully and fairly litigate this derivative matter on behalf of FirstEnergy."

Plaintiffs respectfully submit that there is no basis in law or fact, nor any reasonable practical justification, for the appointment of counsel contemplated by the Court's Order.

First and foremost, there is no basis for a finding that Plaintiffs and their counsel have failed to "fully and fairly" litigate this matter. As the Court is aware, Plaintiffs aggressively prosecuted this derivative litigation for 18 months across two federal district courts and the Sixth Circuit, prevailing on myriad contested motions, including *defeating* mandamus petitions filed

1

against this Court and the Southern District of Ohio, and securing hundreds of thousands of pages of document discovery from FirstEnergy and the defendants.  See ECF No. 248 at 1-2.  Plaintiffs then marshalled the record built through those intensive efforts in mediation before a preeminent mediator, securing a global settlement (the "Settlement") that is by any measure historic.  That Settlement, agreed to by all parties to this action and all parties to the related derivative actions in the Southern District of Ohio and the Ohio Court of Common Pleas, includes unprecedented corporate governance reforms as well as one of the largest monetary recoveries ever achieved in a shareholder derivative litigation.[1]  The Southern District of Ohio has granted preliminary approval of the Settlement, which is now the subject of orderly Rule 23.1 proceedings in the Southern District of Ohio, the court in which the vast majority of the related shareholder derivative actions were filed, as well as all other civil and criminal matters related to the bribery scheme.[2]

The Rule 23.1 proceedings under way in the Southern District will, of course, include an opportunity for FirstEnergy shareholders to object and have their objection heard.[3]  Chief Judge Marbley, who is overseeing the proceedings in the Southern District, is a distinguished jurist who is unquestionably capable of fairly assessing the merits of the Settlement and the performance of

---

[1] *See* Kevin LaCroix, "*Largest Derivative Lawsuit Settlements*," THE D&O DIARY (updated May 2022) (available at: https://www.dandodiary.com/2014/12/articles/shareholders-derivative-litigation/largest-derivative-lawsuit-settlements/).

[2] The related Southern District action is captioned *Emps. Ret. Sys. of the City of St. Louis, et al. v. Charles E. Jones, et al.*, Case No. 2:20-cv-4813 (S.D. Ohio).  The history of Plaintiffs' litigation efforts and the terms of the Settlement are detailed in the Intervenor-Plaintiffs' Motion for Preliminary Settlement Approval (SDA ECF No. 170) and the Court's Order of Preliminary Settlement Approval (SDA ECF No. 176, the "*Preliminary Approval Order*") in that action.  The parties have previously advised this Court of Plaintiffs' litigation efforts and the terms of the Settlement.  See ECF Nos. 228, 248, 273.

[3] Following earlier disclosures of the Settlement, FirstEnergy provided Court-approved formal notice of the Settlement to shareholders on May 16, 2022.  To date, no FirstEnergy shareholder has raised an objection to the Settlement.

counsel, evaluating any objections, and determining whether the Settlement should be approved or rejected.  The Southern District has scheduled a final approval hearing for August 4, 2022, which is now less than two months away.

Furthermore, as this Court is aware, under the terms of the Settlement, the Plaintiff in this action has agreed to refrain from further adversarial litigation pending the Southern District's review of the Settlement.  *See* ECF 297 at 2, ECF 313 at 2, Settlement Stipulation (SDA ECF No. 170-3) at ¶ 49 ("[t]he Settling Parties further agree that, pending final approval of the Settlement, they shall not prosecute any of the Actions and agree to oppose any such prosecution by any non-Settling Party.").  The same is true for the plaintiffs in all the related actions, including the Intervenor-Plaintiffs.  Plaintiffs understand from prior hearings and statements that this Court is dissatisfied with the fact that Plaintiffs settled.  Plaintiffs respectfully submit that an order to show cause premised on the assumption that Plaintiffs have somehow failed to fully and fairly litigate this matter is not an appropriate way to raise a collateral challenge to a settlement that is not before the Court.

Any *sua sponte* effort by this Court to force adversarial litigation notwithstanding the Settlement would, moreover, be contrary to the law of this Circuit favoring derivative settlements and that, "[a]bsent evidence of fraud or collusion, such settlements are not to be trifled with." *Granada Investments v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992).[4]  Indeed, the

---

[4] There is no hint of fraud or collusion here.  *See Preliminary Approval Order* at 4 (finding "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations").  Plaintiffs also previously provided the Court with the Declaration of Layn R. Phillips, the parties' mediator, wherein Judge Phillips explained that "[t]he mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides.  Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith . . . . the arguments and positions asserted by all involved were the product of substantial work, they were complex and

3

appointment of counsel to prosecute this matter pending the Southern District's ruling on the Settlement would serve no other purpose than to mount a collateral attack on a Settlement pending in a sister court while wasting party and judicial resources and jeopardizing FirstEnergy's ability to receive the full benefit contemplated by the parties' Settlement. *See Preliminary Approval Order* at 4 (recognizing "[FirstEnergy's] insurance policies, which are the main source of recoverable assets, are being eroded by legal costs as this derivative action continues, meaning the ultimate recovery might be higher now than at the end of a case tried to verdict").

Finally, Plaintiffs believe that the proposed Settlement is in the best interest of FirstEnergy and litigating the matter while the proposed Settlement is pending final judicial review would be against the best interests of FirstEnergy. *See also Preliminary Approval Order* at 4-5 (noting that the Settlement is beneficial to FirstEnergy). Moreover, it would be unprecedented to remove Plaintiffs and their counsel while a federal sister court is considering a settlement of the same claims between the same parties, represented by the same counsel. The federal sister court has granted preliminary approval of that settlement finding that, at least on a preliminary review, "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations" and the $180 million recovery "measures favorably against other shareholder derivative settlements and would have a significant effect on the Company's financial position." *Preliminary Approval Order* at 4. Plaintiffs respectfully submit that the Court should defer taking any further

---

highly adversarial, and they reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case." *See* Declaration of Layn R. Phillips, ECF No. 276-1, at ¶12. Judge Phillips further expressed his view that "the Settlement represents a recovery and outcome that is reasonable and fair for all parties involved" and that "the advocacy on both sides of the case was excellent. All counsel displayed the highest level of professionalism in zealously and capably representing their respective clients."). *Id.* at ¶¶13–14. *See also Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's-length and without collusion between the parties.")

action until its sister court has had the opportunity to issue a final ruling approving or rejecting the Settlement.

Dated: June 10, 2022                                   Respectfully submitted,

                                              */s/ John C. Camillus*
                                              John C. Camillus

**LAW OFFICES OF JOHN C. CAMILLUS LLC**
John C. Camillus (0077435)
P.O. Box 141410
Columbus, OH 43214
Phone: (614) 992-1000
jcamillus@camilluslaw.com

*Liaison Counsel for Intervenor Plaintiffs and Court-Appointed Liaison Counsel for Co-Lead Plaintiffs in the Southern District Action*

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White III
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Phone: (561) 394-3399
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

**SAXENA WHITE P.A.**
Thomas Curry
Tayler D. Bolton
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 485-0480
tcurry@saxenawhite.com
tbolton@saxenawhite.com

**SAXENA WHITE P.A.**

5

Steven B. Singer
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606
Phone: (914) 437-8551
ssinger@saxenawhite.com
sdileo@saxenawhite.com

- and –

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Jeroen van Kwawegen
Alla Zayenchik
Margaret Sanborn-Lowing
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1400
jeroen@blbglaw.com
alla.zayenchick@blbglaw.com
margaret.lowing@blbglaw.com

*Counsel for Intervenor Plaintiffs and Court-Appointed Co-Lead Counsel for Co-Lead Plaintiffs in the Southern District Action*

**COHEN MILSTEIN SELLERS**
  **& TOLL PLLC**
Steven J. Toll
Daniel S. Sommers
Molly Bowen
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
mbowen@cohenmilstein.com

**COHEN MILSTEIN SELLERS**
  **& TOLL PLLC**
Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor

6

New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Counsel for Intervenor Plaintiff Additional Plaintiff in the Southern District Action Massachusetts Laborers Pension Fund*

**EDELSON LECHTZIN LLP**
Marc H. Edelson
Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

*Counsel for Plaintiff Jennifer Miller*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys on record.

                                               */s/ John C. Camillus*
                                                John C. Camillus