UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer Miller, | ) | CASE NO: 5:20CV1743 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Michael J. Anderson, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the parties' joint motion to dismiss these proceedings without prejudice while they seek approval of a settlement before the Southern District of Ohio in Case Number 2:20-cv-4813. For the reasons stated below, the motion is denied.

Initially, the Court notes that Fed.R. Civ. P. 23.1(c) provides as follows:

> A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

The parties have given no indication that notice was provided of their proposed dismissal to shareholders, nor did they propose any method of providing such notice. For that reason alone, the motion is denied.[1]

However, there are additional reasons that support this Court's conclusion that dismissal is inappropriate. In their motion, the parties note:

---

[1] The parties suggest in a footnote that no notice should be required. However, they offer no legal support for their conclusory assertion that the plain language of Rule 23.1 should be ignored.

> To the extent there are questions about the adequacy or fairness of the Settlement, the proceeding in the Southern District Court provides the forum for such concerns to be raised and reviewed in an orderly process.

Doc. 320-1 at 13.  In so doing, they have yet again failed to explain why the Court should abandon the first-to-file rule.  The Sixth Circuit has explained the rule as follows:

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment. The Sixth Circuit has referenced the rule without discussing it by name, while other circuits have explicitly applied it.
>
> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping.

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.,* 16 F. App'x 433, 437 (6th Cir. 2001)(citations and quotations omitted).

In examining the reasons to discard the first-to-file rule, none are present in this litigation.  There are no allegations of extraordinary circumstances, inequitable conduct, bad faith, or forum shopping as it relates to the matter before this Court.  This matter was filed on August 7, 2020, and the Southern District derivative action was **later filed** on September 9, 2020. The ancillary state court proceedings are also located in the Summit County Court of Common Pleas – here in the Northern District of Ohio.  Moreover, Akron serves as the situs of FirstEnergy's corporate headquarters.  In other words, numerous factors beyond the file date support this District moving this matter forward to

judgment. Instead, by all appearances, it is the parties seeking to have their settlement approved in the later-filed action that have engaged in forum shopping.[2]

From this Court's review, Plaintiffs were more than willing to litigate the matter before this Court when the undersigned mandated an expedited discovery schedule. When counsel for the shareholders was asked whether the mediation would include the Southern District of Ohio case, he responded: "Your Honor, the answer is yes and no. The mediation is independent of the Southern District or the Northern District. *But it was always our intent to do this in connection with Your Honor*, okay." Doc. 235 at 29 (emphasis added). A review of the transcripts of proceedings before this Court reveals why the parties may desire to have their settlement reviewed by another District. In short, this Court offered an honest assessment when the parties indicated a desire for early mediation. The Court indicated that it would be extraordinary if the parties could demonstrate that a settlement was fair and reasonable despite the following:

- incomplete written discovery
- no testimony under oath from any Defendant or other witness
- incomplete privilege logs detailing withheld documentation
- an incomplete forensic examination to identify possible missing communications contained on Defendant Charles Jones' personal electronic devices and
- an inadequate period to review and analyze the documents that were provided.

---

[2] At times, the parties seem to have argued that by virtue of the Southern District ruling on pretrial motions or overseeing other related securities actions that it is appropriate for the matter to be resolved there. However, no part of that reasoning provides a basis under existing law to dispense with the first-to-file rule.

3

It is apparent from the parties' actions that the Court's candor caused the parties to seek approval of their settlement from another District. Given that counsel is permitted under the settlement to seek up to **$48,600,000 in attorney fees**, it is hardly surprising that the parties would seek out what they believe to be a more favorable forum.[3]

The parties also appear to take issue with the Court's expressed intent to appoint counsel if no existing counsel expresses a willingness to litigate this matter. In so doing, the parties again tout the size of their settlement asserting it to be one of the largest recoveries in a derivative action. In so doing, they ignore numerous key factors. First, as noted above, the recovery to FirstEnergy could be reduced by nearly $50 million if counsel seeks the maximum permitted under the settlement. Second, the parties own evidence suggests that the recovery of roughly $150 million pales in comparison to the losses caused by the bribery scheme at issue. When evaluating the proposed corporate governance reforms, Professor Jeffrey Gordon noted that bribery scheme "led to a criminal investigation, a Deferred Prosecution Agreement, the payment of a $230 million fine, numerous civil suits and class actions, and the loss of an estimated over $1 billion in shareholder value when the federal indictment was announced." Case No. 2:20CV4813, Doc. 170-5 at 11. In other words, a net recovery of $150 million would not only fail to cover the cost of solely the fine paid to the federal government, but it could also cover as little as 10% or less of the total loss caused by the bribery scheme.

While touting that the settlement and its reforms will restore the public's confidence in FirstEnergy, the parties ignore that the alleged wrongdoers will pay not a single cent to the settlement. Moreover, a recent audit by the Pennsylvania Public Utility

---

[3] The Court notes that the Southern District has given no indication whatsoever that it would be a more favorable forum. It is solely the fact that this Court has expressed grave doubts about the process utilized by the parties that would give the *parties* the belief that any other forum would be more favorable.

4

Commission noted: "The Board elected not to use the contracted claw back provisions which could have recouped compensation paid during the years investigated." Audit at 63, available at https://www.puc.pa.gov/pcdocs/1748700.pdf (last visited 6/30/2022). In other words, despite an ability to seek compensation from those that allegedly perpetrated and benefited from the bribery scheme, FirstEnergy has declined to do so. This is true despite the fact that Defendant Charles Jones *alone* received roughly **$55,207,422** over the course of the scheme. As such, all those facts directly undermine the parties' assertions about the enormity of their proposed settlement.

More importantly, the parties have attempted to evade any review by this Court of their settlement. Given that the concerns expressed above are known to the Court solely through public sources and without any discovery in this matter, the Court will not dismiss this matter without reviewing any proposed settlement.

IT IS SO ORDERED.


July 5, 2022                                          */s/ Judge John R. Adams*
Date                                                           JUDGE JOHN R. ADAMS
                                                                 UNITED STATES DISTRICT COURT