UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer L. Miller, | ) | CASE NO. 5:20CV1743 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| Michael J. Anderson, et al., | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

In complex cases like this one, it is well established that the court may appoint a leadership structure of plaintiffs' counsel to coordinate the prosecution of the litigation. *In re Benedectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988), *cert. denied*, 488 U.S. 1006. The decision regarding appointment of lead counsel is within the discretion of the Court. In appointing lead counsel, the Court must determine "will best serve the interest of the plaintiffs." *Horn v. Raines*, 227 F.R.D. 1, 33 (D.D.C. 2005) (internal citations omitted). Some factors that courts traditionally consider when appointing a leadership structure in shareholder derivative actions include: (i) the quality of the pleadings; (ii) the vigorousness of the prosecution; (iii) the shareholder plaintiffs that have the largest economic stake in the litigation; and (iv) the competence of counsel. *See Dollens v. Zionts*, No. 01 C 5931, 2001 WL 1543524, at *4–6 (N.D. Ill. Dec. 4, 2011).

Early on in this litigation, the Court determined that it would hold the decision on appointing lead counsel in abeyance.  Doc. 124.  Given the distinct and complex issues at play in the litigation, the Court decided to view how counsel proceeded before making a determination.  As the Court noted in its recent orders, existing counsel have declined to litigate this matter and offered no legal basis that the Court finds sufficient to justify that position.  As a result, the Court sought to determine whether other counsel may be interested in the appointment of lead counsel.

The Court received applications from five highly qualified law firms or combinations of law firms.  Subsequently, one firm withdrew its application following the discovery of a possible conflict of interest.  Accordingly, the Court has evaluated the remaining four applicants.  The Court has also considered the previous request of existing counsel to be named lead counsel.

Upon review, the Court now indicates its intent to appoint the team of Markovits, Stock & Demarco, LLC ("MSD") and Abraham, Fruchter & Twersky, LLC ("AFT") as they are best suited to be named lead counsel in this matter.  MSD & AFT represent the sole shareholder that timely objected before the Southern District of Ohio placing them in a unique position.  The firms also have significant experience as lead counsel in derivative actions.  Moreover, MSD has been previously appointed lead counsel by the Ohio Attorney General in litigation that impacted Ohio citizens.  Given the allegations in this matter and their impact on the citizens of Ohio, such prior experience is invaluable.  Additionally, the proposed path of discovery provided by these firms[1] demonstrates substantial knowledge of the issues at play in this litigation and the discovery that *may* be necessary to ultimately resolve those issues.  Accordingly, the law firms of MSD and AFT are the best positioned to serve as lead counsel.

To facilitate their appearance in this matter, MSD & AFT are instructed to file a motion to intervene on behalf of their client as soon as practicable.  A telephone conference for all

---

[1] That proposed path was provided via letter at the Court's request and is attached to this Order.

counsel is hereby scheduled for August 22, 2022 at 12:00 p.m.  MSD & AFT are instructed to provide a conference call-in number to the Court and other counsel in this matter to facilitate the call.

    IT IS SO ORDERED.


Dated: August 15, 2022                             */s/ John R. Adams*  
                                                         JOHN R. ADAMS  
                                                         UNITED STATES DISTRICT JUDGE