UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer L. Miller, | ) | CASE NO. 5:20CV1743 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| Michael J. Anderson, et al., | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

The First Energy Special Litigation Committee, and Defendants Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil, III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Leslie M. Turner, Steven E. Strah, K. Jon Taylor, and James Pearson have moved this Court to release what they label *ex parte* communications and to cease any independent investigation of this matter. In so moving, the parties have made numerous misrepresentations of fact and engaged in speculation with regard to others.

Initially, the Court notes that the parties are correct that the proposed discovery plans of several law firms and the conflict letter of another have not yet been docketed by the Court. However, as the Court previously made clear, it has always intended to provide these to the parties. See Doc. 335 ("[T]he Court will thereafter docket [the discovery plans] for review by the existing counsel in the matter."). Unforeseen circumstances have resulted in a delay of

docketing these submissions.[1]  The documents related to the Court's public request related to counsel are hereby attached to this order.

With regard to the remainder of the parties' motion, the Court must correct the record. First, neither the Court nor its staff has ever provided information about a future ruling by the Court, nor has the Court or staff ever provided the media with any information that was not part of the public record in this case.  The parties reference a Law360 article which includes the following: "Instead, the judge plans to appoint additional counsel who he believes will prosecute the case while existing attorneys will remain as part of the suit[.]"  The Law360 article was posted on July 26, 2022.  Nearly two weeks earlier, on July 13, 2022, the Court issued an order that stated: "Consistent with the Court's authority to oversee this derivative action to its conclusion, the Court will appoint counsel that will be willing to diligently prosecute this matter and seek approval from this Court of any potential resolution."  Doc. 332 at 1. Thus, the docket makes clear that nothing other than information on the public docket was shared with the media.

Additionally, the Court has not engaged in any improper independent investigation.  The Court first notes "[i]ndependent investigation of adjudicative facts generally is prohibited *unless the information is properly subject to judicial notice*."  Committee on Ethics and Responsibility, Independent Factual Research by Judges Via Internet, Formal Opinion 478, Dec. 8, 2017 (emphasis added). The Court has previously discussed the idea of clawbacks directly with the parties in this matter as a possible relevant factor to resolution of this matter.  The fact that the Court took judicial notice of a public document from a state governmental entity can hardly be viewed as an independent investigation.[2]  To the extent that the parties believe that the Court is

---

[1] Specifically, the undersigned has been recovering from COVID since roughly August 9, 2022, having spent only one day in the office following the date of the submissions at issue.
[2]  The parties do not dispute that the audit report came from a public entity, the Pennsylvania Public Utility Commission, and resulted from its work in Docket Nos. D-2020-3023106, D-

independently investigating any aspect of this matter, they are mistaken. The Court has done nothing other than exercise its authority to attempt to move this matter forward as required by the civil rules.

Finally, the parties seem to imply that the Court's prior disclosure of a communication it received from a shareholder has not been fully disclosed to the parties. Doc. 287-1. The full sum and substance of that document has been docketed in this matter with nothing beyond personal contact information redacted. While counsel seems to imply that other substantive aspects of the correspondence were somehow omitted, they are mistaken. No other substantive communication was provided or reviewed by the Court.

The belated concerns expressed by these FirstEnergy defendants appear to be yet another attempt to delay discovery in this matter. The correspondence at issue was docketed by the Court on March 10, 2022. Now, more than five months later, these defendants contend that the Court has somehow failed to disclose the full contents of such correspondence. These defendants have wholly failed to explain why they waited more than five months to raise such a concern.

The Court notes that this matter was filed on August 7, 2020. On February 10, 2022, the day before deposition practice was to begin, the parties filed their notice that a proposed settlement had been reached in *another action* before the Southern District of Ohio, Case No. 2:20CV4813. Based upon that filing, the parties appear to have ceased all discovery efforts in *this* case. However, this Court is not the only Court in which the FirstEnergy defendants have sought to delay and evade discovery. The derivative action in the Southern District of Ohio, Case No. 2:20CV4813, was filed on September 9, 2020. After numerous motions to stay,

---

2020-3023107, D-2020-3023108, D-2020-3023109. As such, it was properly the subject of judicial notice.

discovery was permitted to commence on June 14, 2021. Before any depositions occurred, the parties moved to stay pending approval of their settlement.

Similar efforts to avoid and delay discovery were made in the securities action pending in the Southern District of Ohio, Case No. 2:20CV3785. The initial complaint in that matter was filed on July 28, 2020. More than two years later, it appears that only a singular, partial deposition has occurred. In ordering that the deposition at issue, a 30(b)(6) deposition at which FirstEnergy produced an Assistance Controller, be reopened, a magistrate judge in the Southern District noted that the employee "responded that she did not know the answer to a question over 100 times[.]" Doc. 333 at 6 (Case No. 2:20CV3785). As a result of failing to prepare the witness to respond to the issues raised at the deposition, the magistrate judge ordered FirstEnergy to pay the costs associated with reopening the deposition. *Id.* at 9.

The approach taken in the class action filed in the Southern District of Ohio, Case No. 2:20CV3755, also appears to have resulted in a proposed settlement without any testimony under oath. While the matter was filed on July 27, 2020, motions to dismiss and to certify a class remain outstanding while the parties now seek approval of a settlement in the amount of $37,500,000.

In a state court action initiated by the Ohio Attorney General on September 23, 2020 (Case No. 20CV6281 in the Franklin County Court of Common Pleas), similarly little progress has been made in discovery. Shortly after that matter was filed, on December 2, 2020, FirstEnergy sought to stay the matter pending the outcome of any criminal investigation. On November 9, 2021, the Attorney General sought to partially lift the stay. Consistent with its previous efforts, FirstEnergy opposed any effort to allow discovery to proceed filing its

opposition on November 19, 2021. As a result of those efforts, in reviewing the hundreds of filings in that matter, it does not appear that a single deposition has occurred.[3]

In summary, litigation surrounding this bribery scandal has arisen in at least this District, the Southern District of Ohio (before at least two District Judges), the Summit County Court of Common Pleas, the Franklin County Court of Common Pleas, and the Public Utilities Commission of Ohio.[4] Thousands of filings have been made across those court cases. While many have been pending for nearly 24 months, it does not appear that single factual deposition has been completed. As a result, none of the numerous officers and directors alleged to have directly participated in the bribery scheme have ever been placed under oath and compelled to truthfully answer questions.

In closing, the Court emphasizes that it has been transparent at every stage of this litigation, utilizing a public forum at all times to seek information from the parties. There have been no off-the-record discussions with counsel, nor any meetings in closed chambers. Every proceeding was conducted utilizing a court reporter to ensure a full record is available for review.

---

[3] If the Court is mistaken, the parties are free to inform the Court of any deposition taken in any of the collateral proceedings and whether said deposition provided any insight into the allegations in this matter.

[4] It has recently been made public that the United States Attorney for the Southern District of Ohio has requested that the PUCO halt all proceedings related to the bribery scandal for six months.

Accordingly, to the extent the parties have sought the most recent submissions from law firms interested in becoming lead counsel, the motion is GRANTED, and those submissions are attached to this order. In all other aspects, the motion is DENIED.

    IT IS SO ORDERED.


Dated: <u>August 22, 2022</u>                   <u>*/s/ John R. Adams*</u>
                                                         JOHN R. ADAMS
                                                         UNITED STATES DISTRICT JUDGE