IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JENNIFER MILLER, et al.,                    )
                                            )    CASE NO. 5:20-CV-01743
                        Plaintiffs,         )
                                            )    JUDGE JOHN R. ADAMS
            v.                              )
                                            )
                                            )
MICHAEL J. ANDERSON, et al.,                )
                                            )
                        Defendants,         )
                                            )
            and                             )
                                            )
                                            )
FIRSTENERGY CORP.                           )
                                            )
                        Nominal Defendant.  )
                                            )


**JOINT MOTION TO DISMISS WITH PREJUDICE**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..................................................................................... 2

FACTUAL BACKGROUND ........................................................................................ 2

ARGUMENT ............................................................................................................. 6

I.      The Final Approval Order Precludes Ongoing Litigation in the Present Action................ 6

        A.      The Southern District of Ohio's Order Is a Final Decision on the Merits.............. 7

        B.      This Action Involves the Same Parties, Claims, and Causes of Action as in
                the Southern District Action. ................................................................. 8

II.     The Claims Asserted Here Are Extinguished by the Settlement. ................................... 11

CONCLUSION.......................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Cases**

*Daniel v. Shorebank*,
2010 WL 973467 (Ohio Ct. App. March 18, 2010)................................................................7

*Emps. Ret. Sys. of the City of St. Louis, et al. v. Jones, et al.*,
No. 2:20-cv-04813 (S.D. Ohio) ................................................................ *passim*

*Gendrich v. Anderson, et al.*,
Civ. Action No. 2020-07-2107 (Ohio Ct. Comm. Pleas)........................................3

*Gibbons v. Morgan*,
2017 WL 3917041 (S.D.N.Y. Sept. 6, 2017)................................................................9

*Goldman v. Northrop Corp.*,
603 F.2d 106 (9th Cir. 1979) ................................................................9

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
332 F.3d 976 (6th Cir. 2003) ................................................................13

*Granada Invs., Inc. v. DWG Corp.*,
962 F.2d 1203 (6th Cir. 1992) ................................................................12, 13

*Huguley v. General Motors Corp.*,
999 F.2d 142 (6th Cir. 1993) ................................................................7

*In re Gen. Tire and Rubber Co. Sec. Litig.*,
726 F.2d 1075 (6th Cir. 1984) ................................................................11

*In re Google Inc.*,
588 F. App'x 988 (Fed. Cir. 2014) ................................................................11

*In re Maxim Integrated Prod., Inc. Derivative Litig.*,
2009 WL 10694849 (N.D. Cal. June 17, 2009)................................................................10

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
232 F.R.D. 375 (D. Colo. 2004) ................................................................10

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
140 S. Ct. 1589 (2020)................................................................10, 11

*Maher v. Zapata Corp.*,
714 F.2d 436 (5th Cir. 1983) ................................................................1, 11

*Maldonado v. Flynn*,
   573 F. Supp. 684 (S.D.N.Y. 1983) ................................................................. 1, 8

*Maldonado v. Flynn*,
   671 F.2d 729 (2d Cir. 1982) ................................................................................ 11

*McDannold v. Star Bank, N.A.*,
   261 F.3d 478 (6th Cir. 2001) .............................................................................. 13

*Nathan v. Rowan*,
   651 F.2d 1223 (6th Cir. 1981) .............................................................................. 9

*Nat'l Super Spuds v. N.Y. Mercantile Ex.*,
   660 F.2d 9 (2d Cir. 1981) ................................................................................... 13

*Ohio ex rel. Boggs v. City of Cleveland*,
   655 F.3d 516 (6th Cir. 2011) .............................................................................. 10

*Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*,
   973 F.2d 474 (6th Cir. 1992) ........................................................................... 7, 9

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
   531 U.S. 497 (2001) ............................................................................................. 6

*Sherman v. Ludington*,
   968 F.2d 1216 (6th Cir. 1992) ............................................................................. 6

*Smith v. S.E.C.*,
   129 F.3d 356 (6th Cir. 1997) ............................................................................... 8

*Thompson v. Love's Travel Stops & Country Stores, Inc.*,
   748 F. App'x 6 (6th Cir. 2018) ............................................................................ 7

*U.S. ex rel. Sheldon v. Kettering Health Network*,
   816 F.3d 399 (6th Cir. 2016) ............................................................................... 8

*UniSuper Ltd. v. News Corp.*,
   898 A.2d 344 (Del. Ch. 2006) ............................................................................ 13

*Westwood Chemical Co., Inc. v. Kulick*,
   656 F.2d 1224 (6th Cir. 1981) .................................................................... 6, 8, 10

Plaintiff Jennifer L. Miller, Plaintiff-Intervenors Employees Retirement System of the City of St. Louis, the Massachusetts Laborers Pension Fund, and Electrical Workers Pension Fund, Local 103 I.B.E.W. (collectively "Plaintiffs"); Defendants Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Leslie M. Turner, Steven E. Strah, K. Jon Taylor, Charles E. Jones, Robert Reffner, Michael J. Dowling, James F. Pearson, Dennis M. Chack, and Ebony Yeboah-Amankwah (collectively "Defendants"); and the Special Litigation Committee ("SLC") of Nominal Defendant FirstEnergy Corp. ("FirstEnergy" or the "Company"), by and through their undersigned counsel, jointly move pursuant to Fed. R. Civ. P. 23.1(c),[1] 41(a)(1)(A), and 12(c) to dismiss this derivative action (the "Action") with prejudice in light of the August 23, 2022 Order issued by the Southern District of Ohio in *Emps. Ret. Sys. of the City of St. Louis, et al. v. Jones, et al.*, No. 2:20-cv-04813 (S.D. Ohio) (the "Southern District Action"), granting final approval of the parties' Settlement Agreement, fully releasing all claims covered by the Settlement Stipulation, and dismissing the Southern District Action with prejudice.  *See id.*, at Dkt. Nos. 195 (S.D. Ohio Aug. 23, 2022) (the "Final Approval Order") (attached as Appendix A hereto); 196 (S.D. Ohio Aug. 23, 2022) (the "Final Judgment") (attached as Appendix B hereto).[2]

---

[1] Notice of the dismissal with prejudice should not be required under Rule 23.1(c) because the Company's shareholders already have been provided notice of, and an opportunity to object to, the Settlement pursuant to the Preliminary Approval Order entered in the Southern District Action.  *See, e.g.*, *Maldonado v. Flynn*, 573 F. Supp. 684, 685 (S.D.N.Y. 1983) (citing, *inter alia*, *Maher v. Zapata Corp.*, 714 F.2d 436, 452–53 (5th Cir. 1983)).  That notice made clear that final approval of the Settlement would extinguish the claims asserted in this Action, and no shareholder objected to the adequacy of notice.

[2] The parties also confirm their continued compliance with Rule 11 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 273-1 at ¶ 14.

## PRELIMINARY STATEMENT

The entry of the Final Approval Order in the Southern District Action fully and finally resolves this Action, requiring dismissal of this case with prejudice.  As this Court has previously acknowledged, this Action and the Southern District Action are "substantively identical," Dkt. No. 117 at 1; both actions involve claims brought on behalf and for the benefit of FirstEnergy against certain current and former officers and directors related to various allegations pertaining to bribery of Ohio government officials.  After months of document discovery and arm's-length mediation and negotiations, the Parties agreed to a settlement that provides for substantial benefits to the Company—a $180 million monetary payment as well as substantial corporate governance reforms—in exchange for a full release of the claims asserted in this Action and the parallel derivative actions in the Southern District of Ohio and in state court (the "Settlement").

The Settlement was submitted for approval in the Southern District Action according to the requirements of Rule 23.1.  After issuance of court-approved notice—after which only a single shareholder timely objected—the Southern District held a three-hour final approval hearing to assess the fairness of the Settlement as required by Rule 23.1.  On August 23, 2022, the Southern District granted final approval of the Settlement.  As part of that approval, the Court entered judgment dismissing the Southern District Action and releasing all claims asserted in this Action and the other related derivative actions.  Final Judgment at ¶11.  Accordingly, the Final Approval Order has *res judicata* effect on this Action, and the Action must be dismissed with prejudice.

## FACTUAL BACKGROUND

The facts underlying this Action, and the Action's procedural background, have been discussed in detail in the parties' prior submissions to this Court.  *See, e.g.*, Dkt. Nos. 96; 273; 320.  Consequently, this motion sets forth only those facts relevant to the present motion.

2

As this Court is well aware, this Action, like the Southern District Action, involves derivative claims asserted by Plaintiffs, who are shareholders of FirstEnergy, on FirstEnergy's behalf arising out of the criminal investigation concerning Ohio House Bill 6 that became public in July 2020.  It is one of three pending derivative actions asserting substantively identical claims.  *See* Southern District Action; *see also Gendrich v. Anderson, et al.*, Civ. Action No. CV-2020-07-2107 (Ohio Ct. Comm. Pleas).  The Southern District consolidated six separate derivative actions and, following motion practice and a hearing, appointed the Employees Retirement System of the City of St. Louis ("St. Louis") and the Electrical Workers Pension Fund, Local 103 IBEW ("Local 103") as co-lead plaintiffs for the consolidated action.  St. Louis and Local 103 then moved to intervene in this Action for purposes of having it transferred for consolidation with the consolidated action in the Southern District.  The Court granted intervention but denied the motion to transfer.  Dkt. No. 72.

In February 2022, after litigating numerous contested motions and engaging in months of discovery that included the production of hundreds of thousands of documents and a vigorous mediation session, the Parties negotiated a resolution of this matter with the assistance of mediator Hon. Layn R. Phillips (Ret.).  *See* Southern District Action, Dkt. No. 195 at 2.  All plaintiffs and all defendants in all three actions, as well as FirstEnergy, agreed to the terms of the Settlement.  The Settlement provides for substantial benefits to FirstEnergy, including a $180 million monetary payment, less court-approved attorneys' fees, and several significant corporate governance reforms that go above and beyond what is required of the Company under the terms of its Deferred Prosecution Agreement ("DPA") with the Department of Justice and that would have been impossible to achieve through litigation alone.  *Id*. at 8–9.  The Settlement also

3

released all claims asserted by Plaintiffs in this Action.  Dkt. No. 273-1 at 3–4; *see also, generally*, Final Approval Order and Final Judgment.

The Settlement was submitted to the Southern District for approval pursuant to Federal Rule of Civil Procedure 23.1.  The Southern District granted preliminary approval on May 9, 2022, and ordered that notice of the Settlement terms, including its releases, be provided to the Company's shareholders.  Southern District Action, Dkt. No. 176.  No shareholder objected to the adequacy of notice.  On August 4, 2022, the Southern District held a final fairness hearing, during which it heard from the parties to this Action, as well as from the proposed Intervenor, Todd Augenbaum, the sole timely objector to the Settlement in the Southern District.  Notably, Augenbaum purportedly holds just 200 of FirstEnergy's more than 570,000,000 outstanding shares of common stock.  No institutional investor objected to the Settlement.  No institutional investor objected to the Settlement.

On August 23, 2022 the Southern District issued its Final Approval Order, finally approving the Settlement, releasing all claims covered by the Settlement (including those asserted by Plaintiffs in both the Southern District Action and this Action), and dismissing the Southern District Action with prejudice.  In doing so, the Southern District specifically found, among other things, that the "monetary recovery [provided by the Settlement] confers a substantial benefit to FirstEnergy . . . [by] captur[ing] the vast majority of the main recoverable asset for the Company's immediate use, while preserving the possibility of salary clawbacks."  Final Approval Order, at 7.  In light of Plaintiffs' legitimate concern that "Individual Defendants would be unable to pay a larger judgment against them," the Court stated that "it is understandable that Plaintiffs would pursue a settlement now[.]"  *Id*.  The Court also credited the significant corporate governance reforms advanced by the Settlement, finding that these reforms

4

"substantially enhanc[ed] the settlement's value to FirstEnergy" by helping it "repair its reputation with prompt, forward-looking reforms designed to prevent a recurrence of the alleged conduct."  *Id*. at 9.

The Southern District overruled the objection filed by Augenbaum, the proposed Intervenor in this Action,[3] finding that the "clear language of the [Settlement] release provides the assurance that Mr. Augenbaum seeks" with respect to any third-party claims that FirstEnergy may have against its auditors.  *Id*. at 10–11.  Finally, the Southern District expressly addressed the concern that the Individual Defendants have not faced personal liability, but stated that these concerns were mitigated because:  (1) "no liability has been proven in this case . . . and a fairness hearing is no substitute" for the process of adversarial litigation; (2) "many of these actors *did* face personal consequences from the scandal"; and (3) "the Defendants who are alleged to be the most culpable . . . remain at risk of steep financial penalties via salary clawbacks."  *Id*. at 11–12.  Moreover, the Southern District acknowledged that "this shareholder derivative case is not the exclusive means of truth-seeking . . . [and f]or this Court to compel the Company to forego the aforementioned benefits and continue litigating against *its* best interest would be inconsistent with the objectives of a derivative lawsuit."  *Id*. at 17.

The same day, the Southern District entered Final Judgment in the Southern District Action, finding that the Settlement is "fair, reasonable, and adequate" to the Company and its shareholders and dismissing all claims asserted in the Southern District Action with prejudice.  Final Judgment, at ¶¶ 6–7.  The Southern District also found that, "by operation of law and of this Judgment," the Company and its stockholders had "fully, finally, and forever discharged, relinquished, settled, and released" the claims asserted in this action and "barred and enjoined"

---

[3] Because Augenbaum has yet to file a motion to intervene in this Action (and the parties have not had the opportunity to respond to that motion), he is not a party to this case.

the Company's shareholders from "commencing, instituting, or prosecuting any action or proceeding in any court, tribunal, or forum," save for any appeal of the Final Approval Order. Final Judgment, at ¶¶ 9–10.

**ARGUMENT**

In light of the Final Approval Order, this Action should be dismissed with prejudice.  The Final Judgment has *res judicata* effect and precludes any further litigation on the same claims by the same plaintiffs against the same defendants in a different forum.  Final Judgment, at ¶¶ 9–10; *see also* Final Approval Order, at 26 ("[S]ince all actions share common claims, Defendants, and the real party at interest, . . . *res judicata* and the 'one recovery' rule would apply [to bar prosecution of parallel actions] even if the Stipulation did not require that the other actions be dismissed.").  Moreover, the Settlement fully and finally releases all claims asserted against the Defendants here, and there is no basis for continued litigation of these claims here.

**I.      The Final Approval Order Precludes Ongoing Litigation in the Present Action.**

This Action must be dismissed with prejudice in light of the Final Approval Order, which resolves the claims asserted here on their merits.  Final Approval Order, at 26.  As the Sixth Circuit has explained, the doctrine of *res judicata* is intended "to promote finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources" by barring re-litigation of the same claims by the same parties or their privies after final judgment has been rendered by a court of competent jurisdiction.  *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001).  Under federal law, *res judicata* applies and bars litigation of claims where, as here, the prior final judgment involved a federal claim and resulted in a federal judgment.  *See Sherman v. Ludington*, 968 F.2d 1216 (6th Cir. 1992).  Specifically, *res judicata* has four elements:

6

1. A final decision on the merits by a court of competent jurisdiction;

2. A subsequent action between the same parties or their "privies;"

3. An issue in the subsequent action that was litigated or that should have been litigated in the prior action; and

4. An identity of the causes of action.

*Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).  Each of these four elements is satisfied here.  Because this action is barred by *res judicata*, this Court must dismiss it.

> **A.     The Southern District of Ohio's Order Is a Final Decision on the Merits.**

There can be no dispute that the Southern District Court is a court of competent jurisdiction, nor can there be any dispute that the Final Approval Order is a final decision on the merits.  As set forth in the Final Approval Order, "[a]ll claims asserted in the Southern District Action are hereby dismissed with prejudice."  Final Approval Order at ¶ 7; *see also id.* at ¶ 6 ("[T]his Judgment is a final judgment and should be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.").  For purposes of *res judicata*, a dismissal with prejudice is a decision on the merits.  *See, e.g.*, *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("A dismissal labeled 'with prejudice' signals a final judgment on the merits with preclusive effect.").

That a judgment on the merits results from a settlement does not deprive it of its *res judicata* effect.  To the contrary; the Sixth Circuit, like its sister circuits and the Ohio state courts, has made clear that "[p]rinciples of *res judicata* apply . . . not only to judgments, but also to consent decrees" and settlements, including in derivative cases.  *Huguley v. General Motors Corp.*, 999 F.2d 142, 146 (6th Cir. 1993); *see also Daniel v. Shorebank*, 2010 WL 973467, at *2–3 (Ohio Ct. App. March 18, 2010) ("[A] settlement agreement between parties operates as

*res judicata* to the same extent as an adjudication on the merits."); *Maldonado v. Flynn*, 573 F. Supp. 684, 686 (S.D.N.Y. 1983) (dismissing derivative claim with prejudice where another court had finally approved a settlement of those claims).  The Sixth Circuit has also made clear that the possibility of an appeal does not limit a judgment's *res judicata* effect.  *Smith v. S.E.C.*, 129 F.3d 356, 362 n.7 (6th Cir. 1997) (applying federal law; "The fact that [plaintiff] has an appeal of that judgment pending does not deprive the judgment of res judicata effect.").

Nor is the *res judicata* effect of the Final Judgment impacted by which action was filed first.  As the Sixth Circuit has made clear, the relevant inquiry is which matter resulted in a ***final judgment*** first—regardless of which action was filed first.  *See, e.g.*, *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 416 (6th Cir. 2016) ("[T]he relevant inquiry for res judicata is which action resulted in judgment first, not which action was filed first . . . because the Ohio state court issued its final judgment first, despite being the second action filed, Relator's federal case is the 'second' or 'subsequent' action for res judicata purposes."); *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) ("Where two actions involving the same issue are pending between the same parties, 'irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata.'").

**B.      This Action Involves the Same Parties, Claims, and Causes of Action as in the Southern District Action.**

The remaining elements of the *res judicata* inquiry are satisfied here as well.  To start, the parties in this action are nearly identical to those in the Southern District Action.  *See, e.g.*, *Goldman v. Northrop Corp.*, 603 F.2d 106, 109 (9th Cir. 1979) ("Res judicata applies to the settlement of a derivative action. . . . The parties are the same, although represented by different shareholders.").  Both actions are derivative suits brought for the benefit of FirstEnergy by

Plaintiffs, as FirstEnergy stockholders, and both assert claims against virtually the same defendants.  Furthermore, all the parties to this Action—Plaintiffs, the SLC, and Defendants— are parties to the Settlement.  Final Approval Order, at 26.

That a shareholder intends to seek intervention here does not affect the analysis.  As a FirstEnergy shareholder, Augenbaum is "in privity" with the Plaintiffs and cannot pursue these claims on behalf of the Company in light of the Final Judgment.  *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981) ("[I]n shareholder derivative actions arising under Fed. R. Civ. P. 23.1, parties and their privies include the corporation *and all nonparty shareholders*." (emphasis added)); *see also Gibbons v. Morgan*, 2017 WL 3917041, at *3 (S.D.N.Y. Sept. 6, 2017) ("[P]rivity is 'a legal determination for the trial court with regard to whether the relationship between the parties is sufficiently close to support preclusion.'"); *see also* Final Judgment, at ¶¶ 9–10 (applying the Settlement releases to FirstEnergy's shareholders).  Importantly, Augenbaum has conceded that the Final Judgment has preclusive effect on the claims asserted in this Action and that he and other shareholders cannot continue litigation of the claims asserted in light of the Final Approval Order.  Southern District Action, Dkt. No. 181 at 13.

The third and fourth prongs of the *res judicata* analysis are also satisfied.  For purposes of *res judicata*, "[i]dentity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'"  *Sanders Confectionery Prod., Inc.*, 973 F.2d at 484 (quoting *Westwood Chem. Co.*, 656 F.2d at 1227).  Both actions are premised on identical factual allegations stemming from the alleged bribery scandal involving former Speaker Householder and HB6 and present substantially identical claims on behalf of the Company.  This Court acknowledged that this action involved the same issues, factual allegations, and claims as

the Southern District Action when it "adopt[ed] the reasoning espoused by the Southern District" in full in denying the parties' motions to dismiss.  Dkt. No. 117 at 2.

The claims here and in the Southern District are likewise the same.  As this Court has acknowledged, the derivative claims asserted in this action on the Company's behalf are "substantively identical" to those in asserted in the Southern District Action.  *Id*., at 1.  With good reason, as both actions assert claims under Ohio law for breach of fiduciary duty and unjust enrichment and claims under Section 14(a) of the Securities Exchange Act and SEC Rule 14a-9 alleging that certain Defendants caused FirstEnergy to make material misrepresentations in its annual proxy statements.  Dkt. No. 75 at ¶¶ 332–39; Southern District Action, Dkt. No. 75, ¶¶ 329–36.  In addition, any recovery on the claims would go to FirstEnergy.  *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 232 F.R.D. 375, 376 (D. Colo. 2004) ("This action asserts substantially the same claims as those which were pending in the State Court Derivative Actions against the State Court Derivative Defendants.  As a result of the settlement and dismissal of the State Court Derivative Actions, the asserted claims have been adjudicated on the merits, and finally and fully settled and released."); *In re Maxim Integrated Prod., Inc. Derivative Litig.*, 2009 WL 10694849, at *6 (N.D. Cal. June 17, 2009) (granting summary judgment and dismissing derivative suit where claims were released by another court's approval of settlement of a parallel derivative suit "based on the same factual predicate").

Even if any of the claims asserted in this Action were not also before the Southern District (which they were), those claims, without question, "aros[e] out of the same transaction or occurrence that was the subject matter" of the Southern District Action and reasonably "could have been litigated" in the Southern District.  *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 520 (6th Cir. 2011); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,

140 S. Ct. 1589, 1594–95 (2020).  The doctrine of *res judicata* also prohibits a post-judgment party "from raising issues that *could have been* raised and decided in a prior action—even if they were not actually litigated," as long as those claims arise "from the same transaction" or "involve a 'common nucleus of operative facts.'"  *Lucky Brand Dungarees, Inc.*, 140 S. Ct. at 1594–95 (emphasis added).

*     *     *

Straightforward application of the doctrine of *res judicata* to this Action compels its dismissal.  *See Nathan*, 651 F.2d at 1227 (affirming dismissal of claims as *res judicata* "because in a prior shareholder's derivative action similar claims were [dismissed on the merits]."); *see also Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983) (recognizing the *res judicata* effect of a final judgment in a different derivative action on behalf of the same company in a different court); *Maldonado v. Flynn*, 671 F.2d 729, 731–32 (2d Cir. 1982) (same).

Dismissal also serves the best interests of the Company and avoids needless waste of judicial and party resources.  *See In re Gen. Tire and Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1087 (6th Cir. 1984) (*en banc*) (recognizing that the purpose of derivative litigation is to serve the "best business interests of the corporation"); *In re Google Inc.*, 588 F. App'x 988, 991–92 (Fed. Cir. 2014) (noting that ongoing litigation of claims in parallel cases would "frustrate the comity doctrine, requiring two federal district courts . . . to expend resources to resolve substantially similar claims and issues").

This Action should therefore be dismissed with prejudice.

## II.    The Claims Asserted Here Are Extinguished by the Settlement.

This Action should also be dismissed in light of the approved Settlement, which conclusively resolves and extinguishes the claims asserted here.  As this Court has acknowledged, the claims asserted in this Action are "substantively identical" to the claims

11

asserted in the Southern District Action.  Dkt. No. 117 at 1.  Both actions assert claims on behalf of nominal defendant FirstEnergy against officers and directors of FirstEnergy under Ohio law for breach of fiduciary duty and for unjust enrichment and under Section 14(a) of the Securities Exchange Act and SEC Rule 14a-9, alleging that certain Defendants caused FirstEnergy to make material misrepresentations in FirstEnergy's annual proxy statements.  Dkt. No. 75 at ¶¶ 332–39; Southern District Action, Dkt. No. 75.  These claims are premised on identical factual allegations stemming from the alleged bribery scandal involving Speaker of the Ohio House of Representatives Larry Householder and other public officials and seek identical recovery to FirstEnergy itself.

By its terms, the Settlement negotiated by the parties releases all claims that were "asserted in the operative complaints filed" in the three pending derivative Actions, including this one.  Dkt. No. 273-1 at 3–4.  When the Settlement was finally approved by the Southern District on August 23, 2022 pursuant to Fed. R. Civ. P. 23.1, the derivative claims pending in both the Southern District Action and in this Action were fully resolved and the Settlement's releases finally extinguishing those claims will be effective by operation of the Settlement's terms.  *See, e.g., Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1209 (6th Cir. 1992) (approving release of derivative claims, including future unknown claims, over shareholder objection); *see also UniSuper Ltd. v. News Corp.*, 898 A.2d 344, 347 (Del. Ch. 2006) (acknowledging that a settlement "can release claims that were not specifically asserted in an action" that are "based on the same identical factual predicate or the same set of operative facts as the underlying action.").  Consequently, there is no basis for continued litigation in this Action of claims that have been reviewed by another court and released.

That the proposed Intervenor objected to final approval of the Settlement in the Southern District Action is irrelevant and does not provide a basis to permit ongoing litigation in this Action.[4]  Because the claims asserted in this Action are brought on behalf of the Company, not the shareholders individually, the proposed Intervenor cannot opt out of the Settlement and pursue those claims independently in a different forum.  *Id.* at 1206–07 (quoting *Nat'l Super Spuds v. N.Y. Mercantile Ex.*, 660 F.2d 9, 18–19 (2d Cir. 1981) (acknowledging that the broad release of claims in a derivative action is appropriate)); *see also McDannold v. Star Bank, N.A.*, 261 F.3d 478, 484–85 (6th Cir. 2001) (noting that fairness hearings are generally held in derivative actions in order to protect the due process rights of third parties in a derivative action because those parties cannot opt out of the settlement).  Allowing the proposed Intervenor to pursue identical claims independently in a separate forum would contravene the Sixth Circuit's mandate that derivative settlements are "not to be trifled with," especially where, as here, a court of competent jurisdiction has approved the Settlement pursuant to Rule 23.1. *Granada Invs., Inc*, 962 F.2d at 1205; *see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003); Final Approval Order, at 17.

## CONCLUSION

For the foregoing reasons, the parties request that the Court dismiss this action with prejudice.  The parties have submitted a proposed order for the Court's consideration.

---

[4] The Parties intend to object to the appointment of Augenbaum's counsel as lead counsel pursuant to the schedule set by the Court, Dkt. No. 352, and to his motion to intervene if and when such a motion is filed.

13

Dated: August 24, 2022

Respectfully Submitted,

/s/ John C. Camillus (with permission)
John C. Camillus
LAW OFFICES OF JOHN C.
CAMILLUS LLC
John C. Camillus (0077435)
P.O. Box 141410
Columbus, OH 43214
Phone: (614) 992-1000
jcamillus@camilluslaw.com

/s/ John Gleeson
John Gleeson (admitted *pro hac vice*)
Maeve O'Connor (admitted *pro hac vice*)
Susan Reagan Gittes (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON, LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
mloconnor@debevoise.com
jgleeson@debevoise.com
srgittes@debevoise.com

*Liaison Counsel for Intervenor Plaintiffs and
Court-Appointed Liaison Counsel for Co-
Lead Plaintiffs in the Southern District Action*

Kerin Lyn Kaminski (0013522)
Karen L. Giffen (0042663)
Kathleen A. Nitschke (0073397)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, OH 44114
Telephone: (216) 621-5161
Facsimile: (216) 621-2399
kkaminski@thinkgk.com
kgiffen@thinkgk.com
knitschke@thinkgk.com

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, III
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Phone: (561) 394-3399
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

*Attorneys for the Special Litigation
Committee of the Board of Directors of
Nominal Defendant FirstEnergy Corp.*

**SAXENA WHITE P.A.**
Thomas Curry
Tayler D. Bolton
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 485-0480
tcurry@saxenawhite.com
tbolton@saxenawhite.com

/s/ Geoffrey J. Ritts (with permission)
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
gjritts@jonesday.com
rfaxon@jonesday.com

**SAXENA WHITE P.A.**
Steven B. Singer
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606
Phone: (914) 437-8551
ssinger@saxenawhite.com
sdileo@saxenawhite.com

Marjorie P. Duffy (0083452)

- and –

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Jeroen van Kwawegen

Margaret Sanborn-Lowing
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1400
jeroen@blbglaw.com
margaret.lowing@blbglaw.com

*Counsel for Intervenor Plaintiffs and Court-
Appointed Co-Lead Counsel for Co-Lead
Plaintiffs in the Southern District Action*

**COHEN MILSTEIN SELLERS
& TOLL PLLC**
Steven J. Toll
Daniel S. Sommers
Molly Bowen
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
mbowen@cohenmilstein.com

**COHEN MILSTEIN SELLERS
& TOLL PLLC**
Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Counsel for Intervenor Plaintiff Additional
Plaintiff in the Southern District Action
Massachusetts Laborers Pension Fund*

Jordan M. Baumann (0093844)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
mpduffy@jonesday.com
jbaumann@jonesday.com

*Attorneys for Defendants Michael J.
Anderson, Steven J. Demetriou, Julia L.
Johnson, Donald T. Misheff, Thomas N.
Mitchell, James F. O'Neil, III, Christopher D.
Pappas, Sandra Pianalto, Luis A. Reyes,
Leslie M. Turner, Steven E. Strah, and K. Jon
Taylor*

/s/ Daniel R. Warren (with permission)
Daniel R. Warren (0054595)
Carole S. Rendon (0070345)
Douglas L. Shively (0094065)
Jeremy S. Dunnaback (0098129)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
dwarren@bakerlaw.com
crendon@bakerlaw.com
dshively@bakerlaw.com
jdunnaback@bakerlaw.com

F. Joseph Warin (*admitted pro hac vice*)
William S. Scherman (*admitted pro hac
vice*) Jason J. Mendro (*admitted pro hac
vice*) Jason R. Meltzer (*admitted pro hac
vice*) GIBSON, DUNN & CRUTCHER
LLP 1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
fwarin@gibsondunn.com Email:
wscherman@gibsondunn.com Email:
jmendro@gibsondunn.com
jmeltzer@gibsondunn.com

/s/ Marc H. Edelson (with permission)
EDELSON LECHTZIN LLP
Marc H. Edelson (admitted *pro hac vice*)
Eric Lechtzin (admitted *pro hac vice*)
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com
elechtzin@edelson-law.com

GOLDMAN SCARLATO & PENNY, PC
Alan L. Rosca (OBN 0084100)
23250 Chagrin Blvd., Suite 100
Beachwood, OH 44122
Telephone: (484) 342-0700
rosca@lawgsp.com
Paul J. Scarlato
161 Washington Street, Suite 1025
Conshohocken, PA 19428
Telephone: (484) 342-0700
scarlato@lawgsp.com

*Counsel for Plaintiff Jennifer L. Miller*

*Attorneys for Defendant Charles E. Jones*

/s/ John F. McCaffrey (with permission)
John F. McCaffrey (0039486)
John A. Favret (0080427)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com
hannah.smith@tuckerellis.com

*Attorneys for Defendant Michael J. Dowling*

/s/ John C. Fairweather (with permission)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
BROUSE McDOWELL
388 South Main Street, Suite 500
Akron, OH 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
jfairweather@brouse.com
ldelgrosso@brouse.com

Steven S. Scholes (admitted *pro hac vice*)
David S. Rosenbloom (admitted *pro hac vice*)
Paul Helms (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
sscholes@mwe.com
 Email: drosenbloom@mwe.com
 phelms@mwe.com

*Attorneys for Defendant Robert P. Reffner*

/s/ Marcella L. Lape (with permission)
Marcella L. Lape (0077803)
Gail Lee (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
155 N. Wacker Dr. Suite 2700
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
marcie.lape@skadden.com
gail.lee@skadden.com

*Attorneys for Defendant Ebony
Yeboah-Amankwah*

/s/ Douglas M. Mansfield (with permission)
Douglas M. Mansfield (0063443)
LAPE MANSFIELD NAKASIAN
& GIBSON, LLC
9980 Brewster Lane, Suite 150
Powell, OH 43065
Telephone: (614) 763-2316
dmansfield@lmng-law.com

Michael L. Kichline (admitted *pro hac vice*)
Laura H. McNally (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
michael.kichline@morganlewis.com
laura.mcnally@morganlewis.com

*Attorneys for Defendant Dennis Chack*

/s/ Jeremy R. Teaberry (with permission)
BALLARD SPAHR
Jeremy R. Teaberry (0082870)
Timothy D. Katsiff (admitted pro hac vice)
David L. Axelrod (admitted pro hac vice)
Emilia McKee Vassallo (admitted pro hac
vice)
1735 Market Street, 51st Floor Philadelphia,
PA 19103-7599 Telephone: (215) 665-8500

Facsimile: (215) 864-8999
teaberryj@ballardspahr.com
katsifft@ballardspahr.com
axelrodd@ballardspahr.com
mckeevassalloe@ballardspahr.com


*Attorneys for Defendant James F. Pearson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24, 2022 a copy of the foregoing *Memorandum in Support of Motion to Dismiss* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

*/s/ John Gleeson*
John Gleeson
Maeve O'Connor
Susan Reagan Gittes
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:     212-909-6000
Facsimile:     212-909-6836
E-Mail:        jgleeson@debevoise.com
               mloconnor@debevoise.com
               srgittes@debevoise.com
**Counsel for the Special Litigation Committee of the Board of Directors of Nominal Defendant FirstEnergy Corp.**