# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JENNIFER L. MILLER, *et al.*, | |
| Plaintiffs, | |
| v. | Judge John R. Adams |
| MICHAEL J. ANDERSON, *et al.*, | Case No. 5:20-CV-01743 |
| Defendants, | |
| and | |
| FIRSTENERGY CORP., | |
| Nominal Defendant. | |

## PLAINTIFFS' OBJECTION TO THE APPOINTMENT OF MSD AND AFT TO SERVE AS LEAD COUNSEL

Plaintiffs, including the Intervenor-Plaintiffs who are also court-appointed Lead Plaintiffs in the parallel derivative action that was litigated through final judgment in the Southern District of Ohio, submit this objection to the appointment of Markovits, Stock & DeMarco, LLC ("MSD") and Abraham, Fruchter & Twersky LLP ("AFT") as lead counsel, pursuant to the Court's Order of August 23, 2022 (ECF No. 352).

**A.  The Claims Asserted in This Action Have Been Resolved by a Final Judgment in a Federal Sister Court**

As detailed in the parties' Joint Motion to Dismiss with Prejudice filed August 24, 2022 (ECF No. 353), the Southern District of Ohio has granted final approval of the parties' settlement of derivative claims brought on behalf of FirstEnergy.  The approved settlement, and the Final Judgment issued by the Southern District of Ohio, encompass the claims asserted in this Action and have *res judicata* effect.  *See, e.g.*, *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224,

1227 (6th Cir. 1981); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001); *Sherman v. Ludington*, 968 F.2d 1216 (6th Cir. 1992).  This Court has previously acknowledged that the claims in this Action are "substantively identical" (ECF No. 117 at 1) to those asserted in Southern District.[1]  Accordingly, this Action should be dismissed with prejudice.  Indeed, appointing counsel in this now-moot action would inappropriately deny *res judicata* effect to a judgment issued by a federal sister court, frustrate the doctrine of judicial comity, and cause a substantial waste of party and judicial resources.  *Cf. In re Google Inc.*, 588 F. App'x 988, 991–92 (Fed. Cir. 2014) (granting mandamus where district court orders would have resulted in unnecessary duplicative litigation).

## B.   The Parties Are Entitled to Have a Meaningful Opportunity to Brief Augenbaum's Untimely Motion to Intervene

Even putting aside the clear *res judicata* effect of the Southern District's Final Judgment, the appointment of MSD and AFT would be inappropriate because they do not represent any party to this Action.  This Court, following its *sua sponte* solicitation of interested law firms to contact the Court directly without filing their correspondence through the Court's publicly accessible ECF docketing system (ECF No. 332 at 2), instructed MSD and AFT "to file a motion to intervene on behalf of their client [Augenbaum] as soon as practicable" on August 15, 2022.  ECF No. 345 at 2.  Yet, MSD and AFT did not file a motion to intervene on behalf of Augenbaum until ten days later—less than 20 hours before this brief was due.  Plaintiffs (and the other parties) should be given an opportunity to consider and oppose Augenbaum's intervention motion before the Court addresses the logically subsequential question of leadership.  It would be procedurally improper

---

[1] Notably, MSD and AFT's own client, Augenbaum, has conceded that the Final Judgment has preclusive effect on the claims asserted in this Action and that he and other shareholders cannot continue litigation of the claims asserted in light of the Final Approval Order.  *See Emps. Ret. Sys. of the City of St. Louis, et al. v. Jones, et al.*, Case No. 2:20-cv-4813, Augenbaum Objection (ECF No. 181) at 13.

and fundamentally unfair to deny Plaintiffs an opportunity to review and respond substantively to Augenbaum's belated intervention motion—particularly in light of the Court's unusual decision to deny Plaintiffs any reply as to the appointment of MSD and AFT (and thus any chance to respond to MSD and AFT).  *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 883 (5th Cir. 2021) ("A litigant has the fundamental right to fairness in every proceeding. Fairness is upheld by avoiding even the appearance of partiality").  Plaintiffs intend to respond to Augenbaum's intervention motion within the 14-day time-period prescribed by the local rules.  *See* Local Rule 7.1(d).

Intervention is not a mere formality.  Numerous grounds support denial of intervention. Plaintiffs will brief these grounds in their response to the Intervention Motion.  Plaintiffs note for now that Augenbaum's motion is plainly untimely under Federal Rule of Civil Procedure Rule 24. Indeed, Augenbaum only moved to intervene after nearly two years of litigation, more than a year after he made a litigation demand on the FirstEnergy Board, and *after the entry of a final judgment*. *See United States v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001) ("An entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene."); *see also Kirsch v. Dean*, 733 F. App'x 268, 277 (6th Cir. 2018) ("the seven months preceding the proposed intervenor['s] motion to intervene during which [it] knew or should have known of [its] interest renders [its] motion untimely.") (quotation and citation omitted).

MSD's and AFT's client also lacks standing.  MSD and AFT made the strategic decision to *make a litigation demand* concerning FirstEnergy's bribery scandal on the FirstEnergy board of directors (the "Board") on behalf of Augenbaum when the Board was still dominated by a majority of directors who served during the scandal and are Defendants in this Action.  The law is clear that

3

"[b]y making a pre-suit demand, a stockholder 'tacitly concedes' the disinterest and independence of the board to respond" and that "*[a]fter making a pre-litigation demand, a stockholder plaintiff may not pursue claims challenging the subject matter of the demand[.]*"  *City of Tamarac Firefighters' Pension Tr. Fund v. Corvi*, C.A. No. 2017-0341-KSJM, 2019 WL 549938, at *5 (Del. Ch. Feb. 12, 2019) (McCormick, C.) (emphasis added).[2]

MSD's and AFT's flawed strategic decisions and lack of effort stand in stark contrast to the strategic decisions and extensive efforts of Plaintiffs and their counsel who, unlike MSD and AFT, refused to concede any of the Defendants' independence and instead chose the path of vigorous litigation *against* the Defendants.  The contrast belies any suggestion that Plaintiffs have failed to adequately represent the interests of Augenbaum or other FirstEnergy shareholders in this Action.  Indeed, while MSD and AFT conceded the Director Defendants' independence and then sat content to watch this Action from the sidelines, Plaintiffs and their counsel joined issue with Defendants—winning myriad contested motions across two trial courts and the Sixth Circuit, engaging in intensive discovery efforts and a hard-fought process of mediation and subsequent negotiations, and ultimately securing the now-approved settlement.  That settlement has been approved by the Southern District and includes by far the largest monetary recovery in any derivative case in the history of the Sixth Circuit and "broader corporate reforms than the

---

[2] MSD and AFT have attempted to limit their concession regarding the Board's independence to FirstEnergy's claims against its auditors.  (ECF No. 334-4 at 31).  But the law is clear that the concession inherent in a litigation demand "*applies to all derivative claims arising from the subject matter of the demand*, even legal theories not expressly identified by the stockholder[.]" *Id.* (emphasis added); *see also In re Keithley Inst. Inc. Deriv. Litig.*, 599 F. Supp. 2d 875, 888 n. 10 (N.D. Ohio 2008) ("Ohio courts routinely look to Delaware case law for guidance in deciding corporate law issues generally…"); *Brosz v. Fishman*, Case No. 1:13-cv-00753, 2016 WL 7494883, at *4 (S.D. Ohio Dec. 29, 2016) (applying Delaware law principles in case involving Ohio corporation and recognizing "*Plaintiff conceded the Board's independence by making [a] demand*.") (emphasis added).

Government secured through the DPA," including the departure from the FirstEnergy Board of Defendants who MSD and AFT, unlike Plaintiffs, deemed *independent and disinterested* when their client made his litigation demand.  *Emps. Ret. Sys. of the City of St. Louis, et al. v. Jones, et al.*, Case No. 2:20-cv-4813, Order of Final Settlement Approval (ECF No. 195) at 21 (S.D. Ohio Aug. 23, 2022).  Had Plaintiffs and their counsel been less aggressive and charted the same strategic course as MSD and AFT, none of this would have been achieved.

## CONCLUSION

For the reasons detailed herein, the Court should not appoint MSD and AFT as lead counsel.  Rather, as explained in the parties' Joint Motion to Dismiss with Prejudice (ECF No. 353), this Action should be dismissed without further proceedings.  At a minimum, the Court should postpone a leadership decision while the parties respond to Augenbaum's untimely motion to intervene.

Dated: August 26, 2022                    Respectfully submitted,

*/s/ John C. Camillus*
John C. Camillus

**LAW OFFICES OF JOHN C. CAMILLUS LLC**
John C. Camillus (0077435)
P.O. Box 141410
Columbus, OH 43214
Phone: (614) 992-1000
jcamillus@camilluslaw.com

*Liaison Counsel for Intervenor Plaintiffs*

**SAXENA WHITE P.A.**
Maya Saxena
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Phone: (561) 394-3399

msaxena@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

**SAXENA WHITE P.A.**
Thomas Curry
Tayler D. Bolton
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 485-0480
tcurry@saxenawhite.com
tbolton@saxenawhite.com

**SAXENA WHITE P.A.**
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606
Phone: (914) 437-8551
sdileo@saxenawhite.com

- and –

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Jeroen van Kwawegen
Margaret Sanborn-Lowing
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1400
jeroen@blbglaw.com
margaret.lowing@blbglaw.com

*Counsel for Intervenor Plaintiffs*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
Daniel S. Sommers
Molly Bowen
1100 New York Ave. NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
mbowen@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Christopher Lometti
Richard A. Speirs
Amy Miller
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838 7745
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Counsel for Additional Plaintiff Massachusetts
Laborers Pension Fund*

**EDELSON LECHTZIN LLP**
Marc H. Edelson
411 S. State Street
Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com

*Counsel for Additional Plaintiff Jennifer L. Miller*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 26, 2022, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ *John C. Camillus*               
John C. Camillus
