# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JENNIFER MILLER, et al., ) | |
| ) | CASE NO. 5:20-CV-01743 |
| Plaintiffs, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| ) | |
| MICHAEL J. ANDERSON, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ) | |
| FIRSTENERGY CORP. ) | |
| ) | |
| Nominal Defendant. ) | |
| ) | |

### OBJECTION OF THE SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS OF NOMINAL DEFENDANT FIRSTENERGY CORP. TO THE APPOINTMENT OF LEAD COUNSEL

The Special Litigation Committee ("SLC") of Nominal Defendant FirstEnergy Corp. ("FirstEnergy" or the "Company"), by and through its undersigned counsel, submits this objection to the appointment of Markovits, Stock & Demarco, LLC ("MSD") and Abraham, Fruchter & Twersky, LLC ("AFT") as co-lead counsel.[1]

MSD and AFT's request to be appointed co-lead counsel in this case should be denied because there is no basis for further litigation of the claims asserted here. As the parties

---

[1] The SLC incorporates by reference the arguments set forth in the parties' joint Motion to Dismiss, Dkt. No. 353. It also adopts and incorporates by reference the arguments put forward by the Plaintiff, Intervenor-Plaintiffs, and the Named Defendants in their objections to the appointments of MSD and AFT as lead counsel.

explained in their joint motion to dismiss, Dkt. No. 353, the Final Approval Order and Final Judgment entered by the Southern District of Ohio has *res judicata* effect on the claims asserted in this Action. *See Empls. Ret. Sys. of the City of St. Louis v. Jones, et al.*, No. 2:20-cv-04813 (the "Southern District Action"), at Dkt. Nos. 195, 196 (S.D. Ohio Aug. 23, 2022), reproduced at Dkt. Nos. 353-1, 353-2 (the "Final Approval Order" and "Final Judgment" respectively). Both the Final Judgment and the Settlement Agreement bar any further litigation in this Action by any FirstEnergy shareholder, including MSD and AFT's client Mr. Augenbaum.[2]

The Southern District of Ohio's order approving the Settlement Agreement and entering final judgment dismisses substantively identical claims asserted on behalf of the same party in interest, FirstEnergy, against substantially identical defendants, and releases each of the claims asserted in this Action. *See generally*, Final Approval Order; Final Judgment. In light of the Southern District's entry of Final Judgment and its collateral effect on this action, there is no need for this court to appoint lead counsel at this juncture. Rather, the best interests of FirstEnergy—on behalf of which these claims are asserted—would be served by denial of MSD and AFT's application and dismissal of this case with prejudice.

Indeed, any effort by any shareholder to continue litigation of the claims asserted in this Action would run contrary to both binding circuit precedent and a valid final judgment entered by a court of competent jurisdiction. As the Sixth Circuit has made clear, "[a]bsent evidence of fraud or collusion, [derivative] settlements are not to be trifled with," especially where, as here, the Settlement has been approved by a court of competent jurisdiction pursuant to Fed. R. Civ. P.

---

[2] The SLC disputes both Augenbaum's right to intervene at this juncture and his ability to pursue the claims asserted in his motion to intervene on the Company's behalf. However, it will address those issues in its response to the Motion to Intervene pursuant to N.D. Ohio Local Rule 7.1. It notes for purposes of this motion, however, that appointment of MSD and AFT as lead counsel is inappropriate for the additional reason that their client, Todd Augenbaum, is not the proper party to advance the claims he seeks to assert.

23.1. *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system."). The pursuit of identical claims here would both undermine this mandate and would directly contravene a binding final judgment from the Southern District of Ohio. *See* Final Judgment, at ¶¶ 9–10.

For these reasons and those set forth in the objections of Plaintiffs, Intervenor Plaintiffs and the Named Defendants, this Court should deny MSD and AFT's request to be appointed lead counsel.

Respectfully Submitted,

*/s/ Susan Reagan Gittes*
Susan Reagan Gittes (admitted *Pro Hac Vice*)
Maeve O'Connor (admitted *Pro Hac Vice*)
John Gleeson (admitted *Pro Hac Vice*)
DEBEVOISE & PLIMPTON, LLP
919 Third Avenue
New York, New York 10022
Telephone:  212-909-6000
Facsimile:   212-909-6836
E-Mail:     mloconnor@debevoise.com
            jgleeson@debevoise.com
            srgittes@debevoise.com


Kerin Lyn Kaminski (0013522)
Karen L. Giffen (0042663)
Kathleen A. Nitschke (0073397)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile:  216-621-2399
E-Mail:     kkaminski@thinkgk.com
            kgiffen@thinkgk.com
            knitschke@thinkgk.com

3

*Counsel for the Special Litigation Committee of the Board of Directors of Nominal Defendant FirstEnergy Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022 a copy of the foregoing *Objection to the Appointment of Lead Plaintiff and Lead Counsel* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

/s/ Susan Reagan Gittes
Susan Reagan Gittes (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP

**Counsel for the Special Litigation Committee of the Board of Directors of Nominal Defendant FirstEnergy Corp.**