IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JENNIFER L. MILLER, Derivatively on behalf of FIRSTENERGY CORPORATION, | CASE NO. 5:20CV1743 <br><br> JUDGE JOHN R. ADAMS |
| Plaintiff, | |
| v. | |
| MICHAEL J. ANDERSON, STEVEN J. DEMETRIOU, JULIA L. JOHNSON, CHARLES E. JONES, DONALD T. MISHEFF, THOMAS N. MITCHELL, JAMES F. O'NEIL III, CHRISTOPHER D. PAPPAS, SANDRA PIANALTO, LUIS A. REYES, LESLIE M. TURNER, STEVEN E. STRAH, ROBERT REFFNER, MICHAEL J. DOWLING, AND EBONY YEBOAH-AMANKWAH, | |
| Defendants, | |
| and | |
| FIRST ENERGY CORPORATION | |
| Nominal Defendant. | |

**TODD AUGENBAUM'S RESPONSE TO THE PARTIES' OBJECTIONS TO THE APPOINTMENT OF MSD AND AFT TO SERVE AS LEAD COUNSEL**

Todd Augenbaum, by his undersigned counsel, respectfully submits this response to: Plaintiffs' Objection to the Appointment of MSD and AFT to Serve as Lead Counsel (ECF No. 355) ("Plaintiffs' Objection"); the Objection of the Special Litigation Committee of the Board of Directors of Nominal Defendant FirstEnergy Corp. to the Appointment of Lead Counsel (ECF No. 356) (the "SLC Objection"); and Defendants' Objection to Appointment of Lead Counsel (ECF No. 357) ("Defendants' Objection" and together with Plaintiffs' Objection and the SLC Objection, the "Objections").

1

**INTRODUCTION**

This Court previously found, after receiving applications from "five highly qualified law firms or combinations of law firms" (ECF No. 345), that MSD and AFT are best suited to serve as co-lead counsel to prosecute the claims in this Action. The Parties do not, nor could they reasonably, dispute that MSD and AFT are qualified to litigate those claims. Instead, the Objections assert that there are no claims left to litigate while ignoring that the Settlement is not yet "Final" according to its own terms and that the Settlement did not seek to release either the Compensation Claims or any claims against Clearsulting.

**ARGUMENT**

A. **The Parties Have Failed to Demonstrate That the Settlement has Become Final According to its Own Terms**

The primary argument made by the Objections is that approval of the Settlement by the U.S. District Court for the Southern District of Ohio (the "Southern District") puts an end to this Action. *See* Plaintiffs' Objection at 1-2; SLC Objection at 1-3; Defendants' Objection at 1-2. However, in making that argument, the Parties ignore that one of the conditions for the Effective Date of the Settlement to occur is that the Judgment entered by the Southern District "has become Final." Settlement Agreement §22(d) (attached hereto as Exhibit A). The Settlement Agreement, in turn, defines the term "Final" as meaning:

> (i) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal of the Judgment or order; or (ii) if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees or expenses shall not in any way delay or preclude the Judgment from becoming Final.

2

Settlement Agreement §1(i).

Here the time for filing a notice of appeal has not yet lapsed. *See* Fed. R. App. 4(a)(1)(A) (appeal may be filed within 30 days after entry of judgment). Indeed, even if the Settlement Agreement provided that its terms were fully effective upon the Southern District's initial approval – which it does not – it would make no difference since Mr. Augenbaum is preparing to move for reconsideration pursuant to Fed. R. Civ. P. 59(e) or, alternatively, Fed. R. Civ. P. 60(b) and, in the event that motion is denied, intends to notice an appeal to the U.S. Court of Appeals for the Sixth Circuit.[1]

The Judgment entered by the Southern District, including the provision enjoining further prosecution of the claims asserted in this Action, is expressly made contingent "upon the Effective Date of the Settlement." Southern District Final Judgment ¶10. Since there has been no showing that the Effective Date has yet occurred, the Parties have failed to demonstrate that the relevant provision of the Southern District's order impacting this case is effective. Moreover, the pendency of the same derivative case before the Southern District and this Court raises the troubling issue of how the Southern District could have found that sufficient discovery had been taken to support final approval of the Settlement. *Compare* Southern District Final Order of Approval at 13-14 *with* ECF No. 274 (denying joint motion to stay).

### B. Even if the Settlement Were Final, it Fails to Resolve All the Claims Alleged

The Parties have not addressed that the Compensation Claims at the center of this Action are not Released Claims under their Settlement, with the SLC instead stating that they have been "fully preserved." *See* ECF No. 334-4 at 17-19/42; Southern District Action ECF No. 185 at 3.

---

[1] This term of the Settlement Agreement may be waived. *See* Settlement Agreement §22. However, no evidence of any such waiver has been placed before this Court or the Southern District.

Similarly, the claims against Clearsulting which are included in the proposed complaint in intervention have been found not to have been released by the Settlement Agreement. Southern District Final Judgment at 9-11.

Indeed, the Parties' request to have all the claims asserted in this Action dismissed here *with prejudice* fails to explain how under principles of *res judicata* any of the Compensation Claims can proceed in any forum once they have been dismissed by this Court *with prejudice*. None of this should come as a surprise to Plaintiffs, Defendants or the SLC because Mr. Augenbaum has previously publicly taken the position with this Court that continued prosecution of the Compensation Claims or claims against third parties, *i.e.*, Clearsulting, involved claims that were not released and could not even arguably interfere with the Settlement. *See* ECF No. 334-4.

C. **Mr. Augenbaum's Intervention Is Timely and Not Prejudicial**

Defendants contend that Mr. Augenbaum's intervention is untimely by pointing to the prior motion to intervene made by shareholder Leslie Katz in October 2020. *See* Defendants' Objection at 2-3. Even assuming one shareholder's knowledge is imputed upon another shareholder who is later represented by the same counsel, Defendants ignore that Mr. Katz's motion was premised on his seeking to inspect FirstEnergy's books and records, with the purpose of that intervention motion being "to ... limit the collateral estoppel effect of any dismissal to the Plaintiff, in order to protect the interests of FirstEnergy[.]" ECF No. 22 at 1. The motion to dismiss was denied, mooting the premise of Mr. Katz's motion to intervene. ECF No. 117.

Defendants' assertion that Mr. Augenbaum was dilatory in not seeking to intervene when the Settlement was first announced also lacks merit because it was not yet clear the extent to which Plaintiffs and the other parties would thumb their noses at the concerns raised by this Court. *See* ECF No. 316. Nor was it entirely clear that the Southern District would approve the Settlement especially given the many concerns publicly raised by this Court. *See, e.g.*, Southern District

4

Action ECF No. 190 at p.3 (stating that the Southern District Court "intended to raise *sua sponte* its own diligent questioning of the proposed settlement"). Indeed, it is axiomatic that not all *proposed* settlements are granted final approval. *See, e.g.*, MCL 4th §§ 21.632-21.634.

Defendants' contention of undue prejudice is similarly based on an erroneous characterization of a "global settlement." Defendants' Objection at 3. As shown above, the Parties' settlement was not global, but instead carved out the heart of Plaintiffs' claim. *See* ECF No. 75 (complaint) at ¶2; *see also id.* at ¶¶4, 9, 87, Prayer F (alleging Defendants caused FirstEnergy to pay bribes to increase Defendants' compensation and seeking restitution for all compensation obtained by Defendants). That is the crux of this Action, it is unsettled, and it properly remains before this Court. No particularized showing to the contrary has even been attempted.

### D. Plaintiffs' Contention of Being Entitled to Brief Intervention Does Not Alter the Analysis

Mr. Augenbaum takes no position with respect to Plaintiffs' claim that they are entitled to have an opportunity to respond to Mr. Augenbaum's motion to intervene. Plaintiffs' characterizations of Mr. Augenbaum and his actions, however, are incorrect and will be addressed in any reply in support of Mr. Augenbaum's motion for intervention if the Court believes further briefing is appropriate.

Nonetheless, having chosen to neither settle nor prosecute the Compensation Claims, Plaintiffs' attempts to argue intervention is inappropriate must fall flat. The Court is fully informed of the parties' attempts not to prosecute the claims remaining before it and has broad discretion to permit permissive intervention. *See, e.g., Stupak-Thrall v. Glickman,* 226 F.3d 467, 472 (6th Cir. 2000) ("Regarding permissive intervention, so long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion.").

Plaintiffs' misapplication of the facts is not unnoticed. For example, the suggestion that taking ten days to move for intervention was unduly long (Plaintiffs' Objection at 2) ignores that Mr. Augenbaum did not know the schedule for his intervention before that day and that intervention requires a complaint in intervention. Taking ten days to prepare a lengthy, fact-intensive complaint and intervention motion is, respectfully, not excessive. Plaintiffs also challenge MSD and AFT's actions to date, while ignoring that the Court has already found that Mr. Augenbaum's submissions to the Court "demonstrate[] substantial knowledge of the issues at play in this litigation and the discovery that *may* be necessary to ultimately resolve those issues." ECF No. 345 at 2.

Plaintiffs, in their apparent zeal to avoid the proper prosecution of the Compensation Claims, also misrepresent the legal effects of Mr. Augenbaum's Demand that the Board sue the Company's auditors, which should also be clarified. The centerpiece of Plaintiffs' argument is that "[a]fter making a pre-litigation demand, a stockholder plaintiff may not pursue claims challenging the subject matter of the demand; the stockholder is limited to a claim that the board wrongfully refused the demand" but ignores that "[t]his limitation applies to all derivative claims ***arising from the subject matter of the demand***, even legal theories not expressly identified by the stockholder or considered by the board." *City of Tamarac Firefighters' Pension Tr. Fund v. Corvi*, 2019 WL 549938, at *5 (Del. Ch. Feb. 12, 2019) (emphasis added). However, Mr. Augenbaum's Demand is before the Court, and its subject matter is plainly limited to "potential claims which could be asserted against Clearsulting and PwC" and related corporate governance reforms. *See* ECF No. 334-4 at 35/42. Mr. Augenbaum thus cannot assert that demand is excused for claims respecting Clearsulting and PwC, but he has not conceded that demand is required for the Compensation

6

Claims because nothing in Mr. Augenbaum's demand approaches a demand that the Company recoup compensation from Jones, Dowling, or Chack.

Finally, notwithstanding Plaintiffs' self-congratulatory narrative concerning their efforts and recovery on behalf of FirstEnergy (Plaintiffs' Objection at 4-5), Mr. Augenbaum notes that Plaintiffs (for whatever reasons) did not settle the Compensation Claims and have since jointly moved to dismiss this Action, including the Compensation Claims, ***with prejudice*** despite having preserved those in the Southern District. *See* ECF No. 353. If that is granted, then "the compensation paid to Defendants Jones, Dowling, and Chack" – which Judge Marbley recognized was "a second major recovery source" and "remains available for the Company to pursue via salary clawback claims" – will be extinguished. *See Pedreira v. Sunrise Children's Servs., Inc.,* 802 F.3d 865, 870 (6th Cir. 2015) ("A dismissal with prejudice 'operates as a final adjudication on the merits and has a res judicata effect.'"). Mr. Augenbaum understands why Defendants Jones, Dowling and Chack would join or make a motion to dismiss the Compensation Claims with prejudice. However, why or how Plaintiffs, the SLC, and FirstEnergy could do so while purportedly having the Company's best interests at heart is baffling.

## **CONCLUSION**

Therefore, the Objections should be disregarded and MSD and AFT should be appointed lead counsel in this Action.

Dated: September 2, 2022
/s/ *W. B. Markovits*
W. B. Markovits, Esq. (0018514)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, Ohio 45202
(513) 651-3700 – Telephone
(513) 665-0219 – Facsimile
E-mail: BMarkovits@msdlegal.com

        Jeffrey S. Abraham (*pro hac vice*)
        Michael J. Klein (*pro hac vice*)
        **ABRAHAM, FRUCHTER & TWERSKY, LLP**
        450 Seventh Avenue, 38th Floor
        New York, NY 10123
        (212) 279-5050 – Telephone
        (212) 279-3655 – Facsimile
        E-mail: jabraham@aftlaw.com
        E-mail: mklein@aftlaw.com

        *Counsel for Todd Augenbaum*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

        /s/ *W. B. Markovits*
        W. B. Markovits, Esq. (0018514)